**McADAMS et al. v. STATE ex rel. SULLIVAN.**

No. 14191—Opinion Filed Sept. 25, 1923.

Rehearing Denied Oct. 16, 1923.

Second Rehearing Denied April 29, 1924.

(Syllabus.)

**1. Intoxicating Liquors — Seizure and Search of Vehicles Without Warrant.**

Law enforcement officers have the right without a warrant to seize and search a vehicle when it is known to such officers that such vehicle contains intoxicating liquors and is being used in transporting same in violation of law.

**2. Same — Confiscation of Vehicle.**

Under the liquor laws of the state, chapter 52, Comp. Stat. 1921, the state has a right to seize and confiscate a vehicle used in violation of said chapter 52, Comp. Stat. 1921, and to forfeit the proceeds of sale thereof to the state.

**3. Same — Rights of Lien Holder.**

Where a vehicle becomes subject to confiscation and forfeiture to the state for being used in violation of the provisions of chapter 52, Comp. Stat. 1921, and it is made to appear that the bona fide owner, without knowledge that such vehicle has been or is being used in violation of the provisions of said chapter 52, holds a valid prior lien upon such vehicle, such lienholder is entitled to a foreclosure of his lien and to have the proceeds of sale applied, first, to the payment of all costs, including both confiscation and foreclosure proceedings, and, second, to the satisfaction of his lien; the balance, if there be any, may be forfeited to the state and divided as provided in said chapter 52.

Error from District Court, Stephens County; Cham Jones, Judge.

Proceedings by the State, on the relation of P. D. Sullivan, County Attorney, to forfeit automobile used to transport liquors; intervention by J. C. Taylor, mortgagee. From the judgment, the owner, J. J. McAdams, brings error. Affirmed.

Carr & Henderson, for plaintiffs in error.

P. D. Sullivan, Co. Atty., and J. H. Long, Asst. Co. Atty., for defendants in error.

HARRISON, J. This is an appeal from the judgment of the district court of Stephens county, decreeing a foreclosure of a chattel lien for the balance of purchase money due on one Cadillac automobile, and decree of confiscation and forfeiture to the state, after satisfaction of said mortgage, for violation of chapter 52, Comp. Stat. 1921, the same being the statute against the illegal sale, transfer, and conveyance of intoxicating liquors.

The substance of the testimony was that the owner of the car was known by the officers as a violator of the liquor laws; that he had a Cadillac car and was suspected by the officers of being engaged in transporting intoxicating liquors. On the date the seizure was made the officers had observed certain movements and actions on the part of said owner that aroused their suspicions. Late in the evening, between 10 and 11 o'clock, they observed the owner, with two passengers, drive out of the town of Comanche in Stephens county. The officers, three of them, at once procured a car and started in pursuit, and about three miles out of town overtook the car and demanded the driver to stop. Instead of stopping in obedience to such command, he increased the speed of his car in a seeming attempt to escape search and capture. The officers pursued and repeated the command to stop, but the driver of the Cadillac continued to increase his speed, whereupon the officers shot through the oil tank of the Cadillac and within a few hundred yards it stopped of its own accord and was searched and two quart bottles, each containing a small amount of whisky, discovered in a pocket of the car. But, during the race between the officers and the driver of the Cadillac, the officers all swore to having seen four jars of whisky thrown out of the car by the occupants thereof, and while some of the officers guarded the arrested parties the others went back to where they had seen the jars thrown out, and found one broken jar and three unbroken, each containing one-half gallon of whisky. They returned to Comanche with the parties and with the car and the whisky, it being necessary to tow the car in because of the shots through the oil tank. The owner of the car and one of the parties with him both testified and contradicted the facts testified to by the officers making the arrest and seizure. The third party was not used as a witness, but the case was tried before the judge of the district court without demand for a jury, and upon the credence which the court gave to the testimony of the state's witnesses, judgment was rendered in favor of the state and in favor of the intervener, mortgagee. The evidence sufficiently supports the judgment.

It appears that, following the seizure of the car and the arrest of the parties, the county attorney filed a petition in the district court setting forth the facts and asking for a forfeiture under chapter 52,

Comp. Stat. 1921. It appears also that the dealer, J. C. Taylor, upon learning of the facts, filed an interplea, setting forth his unsatisfied lien, which was for about $800. The county attorney confessed the validity of the intervener's claim, the same being based upon a written contract and unpaid promissory notes, and the court gave judgment foreclosing the intervener's lien and decreeing a sale of the car for the purpose of satisfying such lien and costs of court, and a forfeiture of the balance to the state as provided by law.

The case is appealed here upon the propositions that the court erred in overruling the demurrer to the petition and in decreeing foreclosure of the mortgage and sale of the car to satisfy such mortgage lien and in decreeing a forfeiture of balance to the state.

We have examined the petition and find that it states a clear cause of action under the liquor law statute. The action was brought under such statute, chapter 52, Comp. Stat. 1921, which is brought forward from the act of 1917, as amendatory of previous acts.

We think the demurrer to the petition was properly overruled. It is also urged that the petition of the county attorney should have been passed upon, in view of the defects in the plea in intervention. Without passing upon whether the court should have taken into consideration defects in the plea of intervention in passing upon the demurrer to the petition in the main cause, it may suffice to say that we find no material defects in the plea of intervention. It states, very succinctly, that the intervener was a car dealer, sold the Cadillac car to the plaintiff in error, McAdams, for the price as shown by sales contract, made part of the record, and that a certain amount had been paid on said contract, and a certain amount remained unpaid, as shown by certain promissory notes made part of the record; that such notes were unpaid and became due under the terms of the contract and by reason of the seizure of the car for violation of the law and by reason of the probability that the proceeds from the sale of the car under forfeiture would not be sufficient to satisfy the mortgage lien. The facts were clearly and definitely stated, and the car having been legally seized under the statutes, and the court being authorized under the statute to decree a forfeiture and sale of such car, and there being strong probability that the sale of such car would not be sufficient to satisfy the costs of court and the mortgage lien, constituted grounds for foreclosure under the sales contract and under the law.

Objection is also made to the jurisdiction of the court because the action was brought in the district instead of the county court, but the estimated value of the car was beyond the jurisdiction of the county court, and the action was properly brought in the district court, the car being valued at $1,200. The case of One Hudson Super-Six v. State, 77 Okla. 130, 187 Pac. 806, is cited by both parties and relied upon to support their respective contentions. Other cases holding the right of trial by jury are cited by plaintiffs in error, but the question of a jury trial is eliminated from this case by waiver. But the case of One Hudson Super-Six, supra, decides two questions involved in this case, viz., the right of the state to a forfeiture of a vehicle used in violation of chapter 52, supra, and the right of a prior valid lien holder, without knowledge of the car being used in violation of the law, to a prior lien on the proceeds of the sale of such car under decree of forfeiture. It also decides the right of officers of the law to seize a car without warrant when it is known to be used in violation of the law. In our opinion this case should be decided upon authority of One Hudson Super-Six, supra, and the provisions of chapter 52, supra, and it is so decided.

It does not appear in this record what was done with the owner of the car under the penal laws, but, so far as this action is concerned, the officers who made the seizure, acted within the statute, and the evidence, though conflicting, was weighed and accredited by the trial court, and amply supports the judgment.

We find no substantial error in the record, and the judgment is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, and MASON, JJ., concur.