HARRY EMMONS v. STATE.

No. A-5224. Opinion Filed Dec. 26, 1925.
(241 Pac. 1107.)

Freeman E. Miller, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant.

Several contentions are made in the brief of defendant, some of which are not borne out by the record. Before going to trial the defendant filed a motion to suppress and exclude evidence obtained by virtue of the search warrant, for the reason that the affidavit is insufficient, and the warrant thereon was illegal and without authority of law, which motion was overruled, and exceptions taken. Treating the affidavit as sufficient in form, it alleges that intoxicating liquors are kept on the southwest quarter of section 1, township 19 north, range 2 east. The search warrant based on said affidavit authorizes a search of the southwest quarter of section 1, township 18 north, range 2 east. There is no explanation in the record of this discrepancy between townships 18 and 19, nor any attempt made to show that there was a clerical error. There is no allegation of the name, nor other designation of the premises to be searched, nor the name of the owner or occupant, but only the bare numerical description. The law provides that no warrant for search shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched and the person and thing to be seized. Section 7012, Comp. St. 1921.

The place to be searched, as fixed by the search warrant in this case, is six miles from the land described in the affidavit which is the basis of authority for issuance of the search warrant. The search warrant must substantially conform to the affidavit in designating the place to be

searched. Surely property in section 1, township 18, does not follow substantially a description of property in section 1, township 19. Under this search warrant the residence of the defendant was searched, although the affidavit does not mention any building or the name of any person residing on the land designated in the affidavit. The discrepancy in the description cannot be reconciled. There being no affidavit describing the southwest quarter of section 1, township 18 north, range 2 east, nor any building thereon, the search warrant was invalid, and the admission of the evidence obtained by such search warrant, over timely objection, as made in this case, is prejudicial error. The motion to suppress should have been sustained.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.