JULIUS MARTIN v. STATE.

No. A-6557. Opinion Filed May 18, 1929.
Rehearing Denied June 15, 1929.
(277 Pac. 950.)

W. R. Withington, for plaintiff in error.

J. K. Wright, Co. Atty., and L. W. Harrod, Asst. Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county for a violation of the prohibitory liquor law, and his punishment fixed at imprisonment in the county jail for three months and to pay a fine of $100.

The evidence offered by the state was to the effect that the defendant drove his car into the city of Edmond on the 12th day of June, 1926, and parked it in an alley in the center of the block. M. M. Morrison, an officer in the city of Edmond, saw the defendant drive his car into the alley, park, get out, and go into the back of a restaurant. Morrison hid behind a car near the defendant's car. Defendant took a sack with a jug in it out of the back of his car, and the officer commanded the defendant to stop, and the defendant broke the jug on the back end of a building near where he stood. Morrison testified that this liquid smelled and looked like whisky, and defendant on his direct examination as a witness admitted that the jug did contain whisky. After breaking this jug, defendant ran back to his car and got another sack out of the car, which sack contained another jug with whisky in it. The officer attempted to take the sack with the whisky in it away from the defendant, and in so doing the officer struck him over the head four times with his gun. The officer then took the defendant to the police station, where his car was searched, after his arrest.

The defendant contends that the search and seizure was unlawful and the evidence obtained was improperly admitted. Under the stated facts revealed by the evidence in this case, the officer had an unquestioned right

to arrest the defendant, since the crime of transporting was being committed in his presence, and the whisky seized was properly admitted in evidence.

The defendant next contends that the rights of the defendant were prejudiced by improper questions asked the defendant by the county attorney. The county attorney did ask some improper questions, the defendant objected, and the court sustained the objections to the questions, and admonished the jury to not consider such questions. County attorneys should be more careful in the prosecution of criminal cases. It is as much the duty of the county attorney to see that the defendant has a fair trial as it is to secure the conviction of the guilty. The evidence in this case establishes the guilt of the defendant beyond a reasonable doubt. While some improper questions were asked by the county attorney, we are of the opinion that the defendant was not prejudiced by the same. Since an honest jury could have returned no other verdict in this case, we cannot see how the defendant could have been prejudiced by these improper questions.

The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.