## GUY RHODES v. STATE.

No. A-7121. Opinion Filed Feb. 15, 1930.
(287 Pac. 312.)

R. Place Montgomery, E. V. Rakestraw, and W. A. Phelps, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kiowa on a charge of transporting a pint of intoxicating liquor and his punishment fixed at a fine of $50 and confinement in the county jail for a period of thirty days.

The evidence of the state was that the sheriff and two of his deputies were in the mouth of an alley in the town of Hobart; that the defendant and one Bodard were passing along the sidewalk at the mouth of the alley; that when they saw the officers, Bodard ran to the middle of the street and called to the defendant, "Throw it, Shorty"; and that the defendant threw a pint bottle of whisky over the fence near where they were walking. The sheriff climbed over the fence, picked up the whisky, arrested defendant and Bodard, searched them, and took them to jail. No whisky was found on defendant's person. At the trial the sheriff identified the bottle of whisky as the one thrown by the defendant. The defendant was found guilty of transporting intoxicating liquor.

The defendant first contends that the evidence was inadmissible because obtained by an illegal search and seizure, but this issue is not in the case. The defendant was not being pursued by the officers and no attempt was being made by them to arrest him. Since he threw the bottle of whisky from his person and abandoned it, the officers had a legal right to take possession of it, and

the same was not obtained by any search of the person of the defendant.

In the case of McAdams v. State, 30 Okla. Cr. 208, 235 Pac. 241, this court said:

"Where peace officers, without a warrant, on suspicion merely, illegally attempted to arrest a person suspected of the commission of a misdemeanor (transporting whisky), and as a sequence to such attempted arrest the offense is actually committed in the presence of and to the certain knowledge of the officers, the offender, under the circumstances set out in the text, may be legally arrested without warrant for the offense so committed in the officers' presence.

"(a) As an incident to such legal arrest the person and automobile of the offender may without a warrant be searched for contraband goods."

In the case of Martin v. State, 43 Okla. Cr. 273, 277 Pac. 950, this court said:

"A peace officer, without a warrant, may arrest a person for any violation of the prohibitory liquor law committed in his presence, and may seize any intoxicating liquor in the possession or immediate presence of the person arrested."

The evidence having been legally obtained and being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.