## PAT WILSON v. STATE.

No. A-8090. Opinion Filed July 18, 1931.
(1 Pac. [2d] 839.)

F. R. Blosser and Alvin Moore, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Roger Mills county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $240 and imprisonment in the county jail for 50 days.

The evidence of the state was that the defendant was seen to conceal some glass jars in some weeds beside the fence on the inside of the premises of a Mr. Kell; that this fact was reported to the sheriff, and that the sheriff and the county judge and the wife of the county judge secluded themselves in a place where they could watch for the return of the defendant to where this stuff was concealed; that defendant came up to where the officers were concealed, driving a different car, and went through the gate into the premises of Kell and up to the place where these jars were concealed; that the officers followed behind defendant's car; that defendant stopped and got out of his car and went over to where the jars were concealed and picked them up, concealing them under his

coat, and started back towards his car; that when he saw the officers he ran to the car and set the jars inside of the car; that thereupon the sheriff arrested defendant, and defendant said: "You know me, Frank, I am not a bad fellow; I know when I am caught." That after the officer arrested defendant, he searched the car and found two half-gallon jars full of whisky.

Defendant on his motion to suppress the evidence testified that the car was not his, that he was outside of the car when the sheriff arrested him, and that if there was anything in the car he did not know it.

Defendant filed timely motion to suppress the evidence for the reason that the same was obtained upon an unlawful search and seizure, because made without a search warrant and without any warrant of arrest, and alleges the overruling of said motion as a ground of error in his appeal.

The officers possessed sufficient information to authorize them to arrest the defendant without a warrant, and, having arrested him, the seizure of the liquor under the facts disclosed in the case was legal and the same was admissible in evidence.

Section 7014, C. O. S. 1921, not only gives the officers the right, but makes it their duty, to arrest without a warrant where the offense is being committed in their presence. Rambo v. State, 38 Okla. Cr. 192, 259 Pac. 602; Carter v. State, 43 Okla. Cr. 44, 279 Pac. 690; Rhodes v. State, 46 Okla. Cr. 219, 287 Pac. 812.

Defendant testifying on his motion to suppress the evidence said that the car was not his; that he had borrowed it to make the trip to Kell's place; that he had stopped the car and was out of it at the time of his ar-

rest; and that he did not know the liquor was in the car. Assuming this statement of facts to be true, the defendant could not object to the search of the car after his arrest.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.