## ELMER MOORE et al. v. STATE.

No. A-8087. Opinion Filed July 22, 1931.
Rehearing Denied Aug. 8, 1931.

(1 Pac. [2d] 813.)

W. R. Wheeler, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, were convicted in the county court of Washita county of the crime of unlawful transportation of intoxicating liquor, and their punishment fixed by the jury at a fine of $50 each and imprisonment for a period of 30 days for each of them in the county jail.

The evidence of the state was that the officers saw the defendants driving their automobile upon the public highway; that the car was weaving back and forth on the road, and from this and the actions of the defendants the officers believed defendants were driving on the highway while intoxicated; that they followed them for several miles to see what they would do; that they were about ten steps behind them and could smell whisky; that they saw some liquid running out of the car and saw one of the defendants throw a half-gallon jar out of the car; that the officers commanded defendants to stop, and, when they did not do so, one of the officers fired at the tires on defendants' car; that when the car was stopped they arrested defendants and searched their car and found two glass jar lids with whisky in them; that they picked the jar up off of the ground and put whisky in it and brought the defendants to town and filed the complaint against them.

The defendants did not take the witness stand.

It was admitted by the state that the officers had no warrant for the arrest of the defendants, nor any warrant to search the car.

The only question in the case is the legality of the arrest and the admissibility of the evidence.

According to the testimony of the officers, the defendants were violating the law in their presence by driving this automobile upon the highway while they were intoxicated.

According to the testimony of the officers, the defendants were committing a misdemeanor in their presence in transporting this liquor, which was known to the officers by smell and sight for some time prior to the stopping and arrest of defendants.

It is undisputed that the officers arrested the defendants before any search was made.

Section 7014, C. O. S. 1921, not only gives the officers the right, but makes it their duty, to arrest without a warrant where the offense is being committed in their presence.

"When any person is lawfully arrested by an officer without a warrant for an offense committed or attempted in his presence, the officer may take from the person and immediate presence of the arrested person the tools, implements, papers, and instrumentalities which have been or manifestly may be used to commit the crime for which such person is arrested, and the seizure of such instrumentalities in such case is not in violation of the Bill of Rights against unreasonable searches and seizures." Rambo v. State, 38 Okla. Cr. 192, 259 Pac. 602. See, also, Rhodes v. State, 46 Okla. Cr. 219, 287 Pac. 812; Carter v. State, 43 Okla. Cr. 44, 279 Pac. 690.

In McAdams v. State, 30 Okla. Cr. 207, 235 Pac. 241, this court passed on a case where the facts were very similar to those in the case at bar, and there held that, even though the attempted arrest was illegal, yet, if the offense was actually committed in the presence of the officers, to

414

their knowledge, before the arrest was made, the officers might then legally arrest the defendant, and, as an incident to such legal arrest, the person and automobile of the offender might without a warrant be searched for contraband goods.

The defendants having been legally arrested, the evidence was admissible, and is sufficient to support the verdict of the jury.

It having been made to appear to this court that the defendant Tip Odell had abandoned his appeal and had surrendered to the sheriff, served his term, and been released from jail on the 3d day of February, 1931, the appeal is dismissed as to him, and affirmed as to the defendant Elmer Moore.

DAVENPORT, P. J., and EDWARDS, J., concur.