## YOUNG et al. v. STATE.

No. 21688.    Opinion Filed Feb. 9, 1932.

Hughes & Hughes, for plaintiffs in error.

Clifford E. Huff, Co. Atty., for defendant in error.

CULLISON, J. This is a proceeding seeking to forfeit to the state one Dodge automobile captured while transporting intoxicating liquor. The parties will be referred to as they appear in the lower court.

The record discloses that George W. Young and E. B. Harris were riding in a Dodge automobile, motor No. M38534, on April 11, 1930. They drove said car about three miles north and east of Hobart, Okla., and stopped said car in the highway. Harris got out of the car and walked to the side of the road, where he picked up a pint bottle about half full of whisky and returned and entered the car with said whisky. The sheriff of Kiowa county and deputy were about 250 yards behind Harris and Young at this time. The officers speeded up their car and passed Harris and Young. Thereupon the officers stopped their car and the sheriff observed Young raise the bottle of liquor up over the back of the front seat and set it down between the back and front seats of said car. The bottle was half full of whisky. Thereupon the officers placed Harris and Young under arrest and seized the car. The sheriff filed his return of the seizure of the car in the county court and the judge made an order setting the same for hearing. At the date of the hearing E. B. Harris, owner of said car, filed a motion to suppress the evidence of the state on the grounds that said car was seized without a search warrant and that the sheriff had no authority to arrest either Harris or Young.

The court heard testimony on the motion to suppress evidence and overruled said motion. The cause was then tried to the court, and on due consideration of the evidence submitted to the court, the court rendered judgment in favor of the plaintiff and ordered the car forfeited to the state.

Harris appeals to this court and states in his brief that the sole question in this case "is the question of the admissibility of the evidence under which the automobile was forfeited."

The defendants cite the case of Ingraham v. State (Okla. Cr.) 290 P. 344. The quotation cited in defendants' brief taken from the above case omits the word "solely," and by so omitting said word materially changes the meaning of said quotation.

It will be observed the defendants, in quoting the Ingraham Case, quoted from the body of the opinion in the case of Sullivan v. State, 38 Okla. Cr. 200, 259 P. 654:

"Where a conviction is based **solely** on

the evidence obtained by means of an unauthorized search and seizure," etc., omitting the word **"solely."**

The syllabus by the court in the Ingraham Case reads as follows:

"Where a conviction is based solely on evidence obtained by means of an unauthorized search and seizure, and admitted over the defendant's objection, the conviction will be reversed as contrary to law and the evidence."

We take no exception to the holding of the court in the above cases, but submit that the holding in said cases is not applicable to the case at bar.

We are of the opinion and hold: That the arrest in the instant case was not made solely upon suspicion, but made by a peace officer while the defendants were committing, or attempting to commit a public offense.

The state prosecuted this case upon the theory that there was a violation of the law in the presence of the arresting officers, and that said officers thereby had authority to arrest Harris and Young without a warrant and that the seizure of the said car by said officers while transporting liquor was a valid seizure.

Section 2471, C. O. S. 1921, provides:

"A peace officer may without a warrant, arrest a person:

"First. For a public offense, committed or attempted in his presence. * * *"

Section 7014, C. O. S. 1921, provides:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

We deem the evidence in the case at bar adequate to show that there was a violation of the law in the presence of the arresting officers prior to their attempt to make any arrest or a search and seizure in said cause. That after there was a violation of law in their presence the officers arrested Harris and Young and made the seizure of the car. The officers were within their rights under sections 2471 and 7014, C. O. S. 1921, supra.

In the case of Martin v. State, 43 Okla. Cr. 273, 277 Pac. 950, the Criminal Court of Appeals held:

"A peace officer, without a warrant, may arrest a person for any violation of the prohibitory liquor law committed in his presence, and may seize any intoxicating liquor in the possession or immediate presence of the person arrested. Sections 2471, 7014, Comp. Stat. 1921."

After a careful consideration of the record in said cause and the authorities cited herein, we hold: That the action of the trial court in overruling the motion to suppress evidence was proper, and that the judgment of the trial court should be affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) annotation in 20 A. L. R. 652; 44 A. L. R. 132; 2 R. C. L. 453, 454; R. C. L. Perm. Supp. pp. 475, 476.