## BERT WINIGER v. STATE.

No. A-8687. May 18, 1934.
(32 Pac. [2d] 952.)

J. B. Wilkinson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (J. H. Lawson, of counsel), for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of transporting

liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for 30 days.

The testimony of the state shows the officers went to the home of Claud Winiger; while there they saw Bert Winiger going north in a car; they followed him, and before they overtook him saw him throw something from his car; they followed the defendant and shot into the air a time or two and defendant stopped and the officers arrested him and brought him back to where they had seen him throw something out of the car and found two half gallon jars of whisky and one or more jars that had been broken. The defendant did not testify.

The defendant has devoted a great deal of time and argued at length the question of the unlawful search and seizure. In the trial of the case the state admitted that it was not relying on the search warrant, notwithstanding the officers' return on the search warrant stated they went to the place described in the warrant and found and seized two gallons of whisky and one Ford coupe. Why the officers made this kind of a return no one can understand, when all the testimony shows that the whisky was found by the roadside where the officers claim they had seen the defendant throw something from his car.

The only question raised by the defendant in his brief is the admissibility of the evidence secured by the officers, the defendant relying on the question of an unlawful search and seizure.

The defendant has not discussed the question of the defendant committing an offense in the presence of an officer. This question has been before this court many times. In McAdams v. State, 30 Okla. Cr. 207, 235 Pac. 241, 242, this court, in construing the evidence, said:

"At the outset the defendant was merely suspected of having committed or being in the act of committing a misdemeanor, and the attempt to arrest the defendant on suspicion, without a warrant, was illegal. This court does not approve nor wish to seem to encourage peace officers in illegal practices, but here, after the initial illegal attempt to arrest proved futile, and the officers, as found by the jury, saw the defendant in the act of violating the law, they then acquired the right to make the arrest without a warrant. Under the circumstances here the legal and the illegal acts of the officers are separable, and it becomes the duty of this court to sustain the legal portion of the transaction, including the search and seizure incident to the legal arrest. A different question would arise if the evidence conclusively showed that the arrest was for a misdemeanor on suspicion merely and without a warrant, and therefore illegal." Abbott v. State, 30 Okla. Cr. 98, 235 Pac. 550; Miles v. State, 31 Okla. Cr. 4, 236 Pac. 907.

In Martin v. State, 43 Okla. Cr. 273, 277 Pac. 950, in the syllabus, the court said:

"A peace officer, without a warrant, may arrest a person for any violation of the prohibitory liquor law committed in his presence, and may seize any intoxicating liquor in the possession or immediate presence of the person arrested."

The officers, while chasing the defendant, acted without authority of law in firing the shots at, toward him, or in the air, and such conduct cannot be commended by this court. However, the proof is conclusive that the defendant is guilty of transporting liquor. The question of the search warrant passed out of the picture when the defendant threw the whisky out of his car in the presence of the officers.

No errors appear in the record.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.