ROBERT MEEHAN et al. v. STATE.

No. A-8768.   Sept. 28, 1934.
(36 Pac. [2d] 305.)

E. H. Lookabaugh, for plaintiffs in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Ted R. Fisher, Co. Atty., of Watonga, for the State.

DAVENPORT, J. The plaintiffs in error, for convenience hereinafter referred to as the defendants, were convicted of transporting intoxicating liquor, and each sentenced to pay a fine of $100 and to be imprisoned in the county jail for 60 days.

The testimony in this case is conflicting. Several officers were on the road near the town of Hitchcock, and claim to have seen a car stopped by the side of the road near where another car was parked; the officers were driving fast and had passed the car in which the defendants were; they stopped and backed up, and when near the car one of the officers claim one of the defendants broke a half-gallon jar containing some kind of a fluid; one of the officers got out of the car with a drawn pistol and approached the defendants, and they claim the car which the defendants were in was then searched, and on the running board and on the inside of the car there was broken glass. The officers claim one of the defendants broke the half-gallon jar over the door of the car and that he had cut his hand with the broken glass. It is contended by the officers that the contents of the jar was whisky, as they state they smelled the odor of whisky when then went to defendants' car.

The defendants, testifying in their own behalf, state the contents of the jar was water. The defendant Robert Meehan testified he had been plowing that day and had a jug wrapped with a gunny sack that he had taken water to the field, and, when he went to get his noon meal, he had taken to the field a half-gallon jar of water; that he plowed until about 3 o'clock in the afternoon, and got in his automobile and drove to Watonga, to Hales Wrecking Shop, as he wanted to get a ring gear for a model T truck; shortly before the officers came along, he picked up Charley Marshall, who was walking up the road. Marshall in his

testimony states that he was walking along the road as testified to by the defendant Meehan, and tells where he had been prior to getting in the car with the defendant. The defendant Marshall states positively there was no whisky in the car as far as he knew, but there was a quart jar in the car which contained water, and that he drank some of the water from the half-gallon jar.

The defendant Robert Meehan testified there was no whisky in the car, and the quart jar was broken by falling from the seat against the gear shift in the car when he suddenly stopped, and was not broken by Charley Marshall or any one intentionally. This is in substance the testimony.

It is urged by the defendants that the testimony introduced by the state was secured by an illegal search and seizure, and therefore not admissible, citing Hamner v. State, 44 Okla. Cr. 209, 280 Pac. 475; Welch v. State, 41 Okla. Cr. 207, 271 Pac. 172; Taylor v. State, 36 Okla. Cr. 431, 255 Pac. 157; and many other decisions in support of the defendants' contention that the evidence was procured by an unlawful search and seizure.

These cases have been carefully examined by the court, and we find this distinction, and that is, in the cases relied upon by the defendants, the officers made an attempt to stop the cars in which the defendants were riding, and did not see anything in the car leading them to believe the defendant had whisky. In this case the officers testify that, when they came in sight of the defendants' car, there was another car standing close to it, and they saw some kind of a vessel pass from one of the parties to another, and, when they backed their car up and got near the car of the defendants, the defendant Charley Marshall broke the half-gallon fruit jar on the door of the car, and they

found glass on the running board of the car and inside the car, and on the door of the car, and the liquid smelled like whisky. The officers further testify that the defendant Marshall's hand was cut and was bleeding. All of this testimony was contradicted by the defendants.

Following the ruling of this court in McAdams v. State, 30 Okla. Cr. 207, 235 Pac. 241, we hold that the testimony in this case was legally secured and was admissible against the defendants.

There is a direct conflict in the testimony, and this court has held so many times that it is not necessary to cite authorities, that a conflict in the testimony was a question for the jury, and, when the jury had arrived at a verdict where the testimony was conflicting, this court would not disturb the verdict.

After carefully considering all the testimony and the circumstances surrounding the arrest and conviction, we believe that the minimum punishment provided by the law is sufficient punishment for these defendants. The judgment of the trial court is modified to a fine of $50 and costs, and confinement in the county jail for a period of 30 days in each case, and, as so modified, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.