JOHN BOHANNON v. STATE.

No. A-9479. May 12, 1939.

(90 P. 2d 675.)

E. H. Gipson, of Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Neville Gillum, Co. Atty., of Sayre, for the State.

DAVENPORT, J. The defendant John Bohannon was by information charged in the county court of Beckham county, Okla., with the crime of transporting intoxicating liquors, was tried, convicted, and sentenced to pay a fine of $70 and be imprisoned in the county jail for 40 days. From the judgment and sentence, the defendant appeals.

Before the case was called for trial, the defendant filed a motion to suppress the evidence obtained against him by the officers on the grounds:

(1) That the evidence sought to be introduced in said cause was procured and obtained by means of an illegal search and seizure.

(2)  That the affidavit for the search warrant, made the basis for the issuance of said search warrant, does not state sufficient facts for the issuance of said search warrant by the magistrate issuing same.

(3)  That said affidavit was made on information and belief, and not on a positive statement of facts showing probable cause.

(4)  That there is a material variance between the description of the property in the affidavit and the search warrant.

In all, the defendant assigned 16 grounds in his motion to suppress the evidence. The 4 grounds herein set out are all of the grounds that it is deemed necessary to consider, as they raise the questions as to the validity of the search warrant, the sufficiency of the affidavit, and the variance between the statements in the affidavit and the search warrant.

Testimony was taken on the motion to suppress.

The sheriff of Beckham county, Mr. Ed West, was called as a witness for the defendant on his motion to suppress, and was handed defendant's Exhibits 1 and 2, 1 being the application for the search warrant, and 2 being the search warrant. He was asked if he was familiar with these two exhibits, and he answered that he was. The witness further stated that the application for the search warrant was signed by him, and that a search warrant was issued by the magistrate upon the affidavit made by him for a search warrant; that after he secured the search warrant, in company with a Mr. Phillips, one of his deputies, he went out on Highway 66 to serve the search warrant.

The affidavit for the search warrant is as follows:

"Defendant's Exhibit 1

"Affidavit for Search Warrant

"State of Oklahoma, Beckham County—ss.:

"In the Justice Court in and for Sayre District Beckham County, Oklahoma

## "Count 1.

"Comes now Ed West who being duly sworn upon his oath says that Elvia Parks or parties unknown to affiant has secreted in her possession, with intent to violate the Prohibitory Law of the State of Oklahoma, certain alcoholic liquors and substances, the particular name and kind of alcoholic substances being unknown to affiant.

\*   \*   \*   \*   \*

## "Count 3.

"That Elvia Parks or persons unknown to affiant has in her or their possession and is now using a certain 1936 Tudor Chevrolet Automobile Oklahoma Tag #347—039 to unlawfully transport alcoholic liquors from some place in the State of Oklahoma to another place therein; and in support of statements set out in counts, one and three herein, affiant says: that for a period of two weeks he has watched this automobile coming and going to and from certain houses or buildings where it is known to your affiant that wine, whisky and beer are being sold, given away or otherwise disposed of; that your affiant has seen what appears to be bottles or cases being taken from above mentioned automobile and left in these houses or buildings.

"Wherefore, affiant asks for search warrant to issue for the discovery and seizure of said alcoholic liquors and substances and all fixtures and property connected therewith for the arrest of the said Elvia Parks or persons unknown to affiant to be brought before the court to be dealt with according to law.

"Ed West

"Subscribed and sworn to before me this 22nd day of January 1937.

"M. L. Inman Justice of the Peace.

"I, the undersigned magistrate, do find, upon the evidence set out above, that probable cause exists for believing that Elvia Parks or persons unknown to affiant

is violating the Prohibitory Law of the State of Oklahoma as set out in counts one and three above, and I hereby order that a search warrant issue for the discovery and seizure of alcoholic substances and fixtures as set out in counts one and three above and for the arrest of the said Elvia Parks or persons unknown to affiant.

"This 22nd day of January 1937

"M. L. Inman, Justice of the Peace"

together with the endorsement of M. L. Inman, Justice of the Peace, upon the jurat to Mr. West's signature on the affidavit for the search warrant.

It will be seen from the record that paragraph 2 in the affidavit is erased out and not considered by the magistrate in issuing the search warrant.

On the affidavit, supra, the search warrant, which is designated defendant's Exhibit 2, was issued, which search warrant, omitting the caption, in part reads as follows:

"In the Name of the State of Oklahoma

"To the Sheriff, Constable, or any other Peace Officer of Beckham County, Greeting:

"Proof by affidavit having been made this day before me by Ed West showing that there is probable cause to believe that on the 22nd day of January, 1937, in Beckham County, State of Oklahoma at —— in the —— of —— in a certain automobile described as follows: 1936 Tudor Chevrolet, with Oklahoma Tag #347—039 certain intoxicating liquors, Viz. Wine, Whisky or Beer were then and there, given away and otherwise furnished, and were then and there and are now being kept for the purpose of being transported, sold, bartered, given away, and otherwise furnished by Elvia Parks, or persons unknown to the affiant or a person unknown, in the violation of the law, contrary to the form of Statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma. * * *"

Section 2638, O.S. 1931, 37 Okla. St. Ann. § 87, is as follows:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

In this case the affidavit upon which the warrant is predicated charges Elvia Parks or parties unknow to affiant with having possession of alcoholic liquors and substances, the particular name and kind of alcoholic substances being unknown to the affiant, but fails to state that the liquors, alleged to be in possession of Elvia Parks or parties unknown to the affiant, are capable of being used as a beverage.

In the third count of the affidavit, it charges that Elvia Parks, or persons unknown to the affiant, have in their possession and are using a 1936 Tudor Chevrolet automobile, tag number 347—039, to unlawfully transport alcoholic liquors from some place in the state of Oklahoma to another place therein.

The search warrant issued by the magistrate recites, in part, that there is probable cause to believe that on the 22nd day of January, 1937, in Beckham county, state of Oklahoma at ——, in the —— of —— in a certain automobile described as follows: 1936 Tudor Chevrolet, with Oklahoma Tag No. 347—039, containing intoxicating liquors, namely, wine, whisky, or beer, was then and there, and is now being transported, sold, bartered, given away, and otherwise furnished by Elvia Parks, or persons unknown to the affiant, in violation of the law.

It is urged by the defendant in his motion to suppress that the affidavit is insufficient to warrant the justice of the peace in issuing a search warrant, as the affidavit is uncertain, indefinite, and does not state any fact sufficient to warrant the issuing of a search warrant.

In Emmons v. State, 33 Okla. Cr. 40, 241 P. 1107, in passing upon the question, this court in the first paragraph of the syllabus stated:

"No warrant for search shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched. A warrant for search in describing the place to be searched shall conform substantially to the description of the place described in the affidavit."

You may search in vain, and you will not find any description in the affidavit as to what point in the state of Oklahoma it is alleged Elvia Parks or persons unknown to affiant started from to transport the whisky, or to what point it was transported. There is not a word in the affidavit that says the whisky was transported from one place in the county of Beckham in the state of Oklahoma to another designated and named point in the state.

Notwithstanding the fact that the affidavit upon which the magistrate issued the search warrant fails to state the liquors described in the first count of the information were capable of being used as a beverage, and in the third count of the affidavit, it fails to state where the party named in the affidavit or the unknown party, unknown to the affiant, started from when they transported the alleged liquors, that is, they did not say that a certain point in Beckham county, Okla., Elvia Parks or the unknown party left that designated point and transported intoxicating liquors from that point to another point in the county of Beckham, when you consider the statement in the affidavit that they transported the liquors from one point in the state to another point in the state without designating any point from which they started or where they stopped with the liquor, it is absolutely meaningless, indefinite, uncertain, and not sufficient upon which to predicate a search warrant.

The justice of the peace in Beckham county would have no jurisdiction or authority to issue a search warrant outside of Beckham county. His jurisdiction runs coextensive with the county, but in order to secure a search warrant it is absolutely necessary that the affidavit state facts sufficient to show to the magistrate that the law has been

violated by transporting liquors from one point, giving the name of the point, to another point in Beckham county.

The search warrant in this case does not conform to the affidavit, and states facts in the warrant that are not contained in the affidavit. The statements in the warrant are at variance with the statements in the affidavit.

In Miller et al. v. State, 34 Okla. Cr. 103, 245 P. 68, this court in the syllabus stated:

"Before a search warrant is issued there must be a showing of probable cause, supported by oath or affirmation, describing as particularly as may be the place to be searched. A search warrant is limited to the premises described in the affidavit, and may not include additional or different places to be searched than those described therein."

In Hamner v. State, 44 Okla. Cr. 209, 280 P. 475, in the first paragraph of the syllabus this court stated:

"Where a conviction is based solely upon evidence obtained by an unreasonable search and seizure, admitted over timely objections and exceptions, the judgment will be reversed."

It is not deemed necessary to cite authorities to show that it has been, not only the holding of this court, but of other courts, that in order to justify the issuance of a search warrant the affidavit filed upon which the warrant is predicated must particularly describe the place to be searched and with such particularity that the officer executing the search warrant will be able to find the place without some one to point it out to him.

In this case, for some reason, there is no definite statement as to where Elvia Parks or the unknown party started from to transport the whisky or to what point it was transported.

Evidently from the record in this case, Elvia Parks must have owned the car described in the search warrant

and in the affidavit. Defendant must be the unknown party mentioned in the affidavit.

We hold that the affidavit was insufficient to warrant the magistrate in issuing the search warrant, and that the variance in the affidavit with the allegations in the search warrant is fatal and the warrant was void, and any action of the officers serving the warrant and any evidence procured by reason of the service of the void warrant, was inadmissible.

The Attorney General has discussed the question that the officers pursued the defendant from 66 Highway in Beckham county over into Roger Mills county before they could stop him and search his car, and the circumstances were such that they had a right to search his car even though the warrant was insufficient. The county attorney, in his brief, in discussing the question of the jurisdiction of the officers in Beckham county, takes the correct position that the effort to search the defendant and his car started in Beckham county and continued on until he was overtaken and stopped in Roger Mills county.

The record bears out this statement, that the officers, when they sighted what they thought was the car described in their search warrant, pursued it on through the town of Erick, and on until a distance in Roger Mills county was reached before the car was stopped, they searched it, and found some whisky in the car.

From the time the officers claim they saw the car cross from Texas into Oklahoma and they started to pursue it, the search began, and it was a continuous search until the car was stopped by the defendant and the officers caught up with him.

In Hamner v. State, 44 Okla. Cr. 209, 280 P. 475, cited by the county attorney in support of his contention that the search started in Beckham county, Okla., the court said, 44 Okla. Cr. page 213 of the opinion:

"When the officer tried to stop the defendant's car and began firing at it and started in pursuit, they began an effort to search, and continued it up until the time they claim they overtook the defendant where they claim he was breaking some jars."

It appears from the record that the witness who made the affidavit and asked for the issuance of a search warrant by the magistrate failed to state facts sufficient to warrant the magistrate in issuing the warrant, and it appears further from the record that the magistrate did not follow the allegations in the affidavit as to facts stated for the purpose of securing the search warrant.

In the findings made by the magistrate on the bottom of the affidavit, it is clearly shown that he did not read the affidavit or consider the statements contained therein. This is one of the cases where it seems that the officer making the affidavit to secure a search warrant and the magistrate wholly failed to state facts sufficient in the affidavit to justify the magistrate in issuing a search warrant, and that the magistrate, in issuing the search warrant, incorporated in the search warrant facts and statements without reference to the descriptions that are contained in the affidavit. The affidavit is insufficient to predicate a search warrant upon. The search warrant is clearly at variance with the statements in the affidavit and was void.

The service of the void search warrant on the defendant, who must be considered as being the unknown party, and the action of the officers when they started to search the defendant in Beckham county and followed him into Roger Mills county before they caught him, was a violation of law, and the void search warrant did not give them any authority to act.

For the reasons herein stated, we hold the search warrant was at variance and stated facts not contained in the affidavit, and the statements contained in the affidavit were insufficient to warrant the magistrate in issuing a search warrant.

The officer had no warrant for the arrest of the defendant and no valid search warrant to search the car he was driving. The evidence secured by reason of the search was unlawfully secured, and was inadmissible against the defendant.

For the reasons herein stated, the case is remanded, with instructions to discharge the defendant.

DOYLE, P. J., and BAREFOOT, J., concur.