BRUMLEY v. STATE.

No. 29548.   March 24, 1942.

*123 P. 2d 967.*

Hal Welch, of Hugo, for plaintiff in error.

Carloss Wadlington, County Atty., and J. W. Dean, Asst. County Atty., both of Ada, for defendant in error.

CORN, V. C. J. This is an appeal by W. W. Brumley from a judgment of the county court of Pontotoc county forfeiting his automobile to the state for illegal transportation of intoxicating liquors with said automobile within Pontotoc county.

The facts, in substance, are as follows: February 9, 1939, about 9 p.m., while officers were searching the premises of the defendant, said premises being a tourist camp, the defendant was seen by one of the officers, Joe Porter, driving by the camp going west, in the automobile involved in this appeal.

The officer immediately got in his car and followed, and within a few miles overtook said defendant, sounded his siren and fired a shot into the air. Defendant then threw a bottle containing whisky from his car. The bottle burst and the odor of whisky was detected by the officer.

The officer then drove past defendant's car and defendant then turned his car and drove back toward the east, the officer immediately turning and following him. The defendant did not stop at the tourist camp, but kept going east. The officer stopped at the camp and picked up two other officers and they proceeded to follow the defendant. After getting close to the defendant's car, they saw him throw out two sacks, which later proved to contain whisky.

The officers stopped the defendant, arrested him, and then without a search warrant for the car searched it, but did not find any whisky. For a more detailed statement of the facts, see Brumley et al. v. State, 69 Okla. Cr. 122, 100 P. 2d 465.

The appeal is based upon a single proposition, which is:

"That the act of the officer in following Brumley's automobile, sounding his siren, firing his pistol along the highway without a warrant and without evidence of a violation in his presence was illegal and that evidence which he thereby caused Brumley to disclose was unlawfully obtained."

This identical question has heretofore been decided by this court in McAdams v. State, 101 Okla. 267, 219 P. 145; McAdams v. State, 30 Okla. Cr. 207, 235 P. 241; Young v. State, 155 Okla. 90, 7 P. 2d 884.

The authorities cited and relied upon by the defendant are not applicable to the facts in this case.

Judgment affirmed.

WELCH, C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. RILEY, GIBSON, and ARNOLD, JJ., dissent.

ARNOLD, J. (dissenting). I cannot agree with the majority opinion. The facts set forth therein disclose that the officer acted on mere suspicion and there was no *probable cause* for the beginning of the chase or search.

In my opinion, we have not passed on the precise question involved in this case.

The United States Supreme Court, in the case of George Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 39 A.L.R. 790, in defining *probable cause,* said:

"If a search and seizure without warrant are made upon probable cause, that is, upon the belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which, by law, is subject to seizure and destruction, the search and seizure are valid."

In McAdams v. State, 101 Okla. 267, 219 P. 145, we held:

"Law enforcement officers have the right without a warrant to seize and search a vehicle when it is known to such officers that such vehicle contains intoxicating liquors and is being used in transporting same in violation of law."

The testimony in this case shows conclusively that no *probable cause* existed at the inception of the search or chase. As to when the search, such as the one in this case, began, it was aptly said by the Criminal Court of Appeals in Hamner v. State, 44 Okla. Cr. 209, 280 P. 475:

"When the officer tried to stop the defendant's car and began firing at it and started in pursuit, they began an effort to search, and continued it up until the time they claim they overtook the defendant where they claim he was breaking some jars."

It was not even contended herein that any offense was committed in the presence of the officers before the chase began, so we have herein the precise question, Does an offense committed in the presence of officers, while conducting an unauthorized search, authorize or validate the search?

The Criminal Court of Appeals had this question under consideration in several cases preceding its decision in the case of Brumley v. State, 69 Okla. Cr. 122, 100 P. 2d 465.

The first case considered by it was the case of McAdams v. State, 30 Okla. Cr. 207, 235 P. 241 (1925). In that case a chase was in progress on suspicion merely, as disclosed by the facts set forth in the opinion. The officers saw the suspect throwing whisky through the window of his car and arrested him. The Criminal Court of Appeals upheld the arrest and search of the automobile of the suspect, and said:

"Where peace officers, without a warrant, on suspicion merely, illegally attempted to arrest a person suspected of the commission of a misdemeanor (transporting whisky), and as a sequence to such attempted arrest the offense is actually committed in the presence of and to the certain knowledge of the officers, the offender, under the circumstances set out in the text, may be legally arrested without warrant for the offense so committed in the officers' presence.

"(a) As an incident to such legal arrest the person and automobile of the offender may without a warrant be searched for contraband goods."

The Criminal Court of Appeals next followed the foregoing rule in Abbott v. State, 30 Okla. Cr. 98, 235 P. 550. However, in the same year the Criminal Court of Appeals, speaking through Judge Doyle, in Graham et al. v. State, 31 Okla. Cr. 125, 237 P. 462, in setting aside a conviction wherein liquor had been thrown from the car by the suspect while a chase was in progress, departed from its McAdams Case rule.

Welch v. State, 41 Okla. Cr. 207, 271 P. 172, is the next case where, in an unlawful chase case, this question was under consideration; therein the Criminal Court of Appeals refused to follow its original rule laid down in the McAdams Case, and said:

". . . grant that there was a bottle on the running board at the time the officers came up to where the defendant had stopped his car, that alone would not be sufficient to justify the officers in making the pursuit they admit they did without any authority."

The case of Pruitt v. State, 43 Okla. Cr. 420, 279 P. 707, reannounces its or-

iginal rule laid down in the McAdams Case.

The next case considered by the Criminal Court of Appeals, involving the point under discussion, is Hamner v. State, supra. This is another unlawful chase case and the court makes another departure from its original rule in the McAdams Case.

Though in the case of Rhodes v. State, 46 Okla. Cr. 219, 287 P. 812, there was no lawful pursuit by the officers or unlawful search begun, the court cited with approval the McAdams Case. The McAdams Case rule was again applied in the case of Moore v. State, 51 Okla. Cr. 411, 1 P. 2d 813. However, the Moore Case does not present an unlawful chase situation; there was probable cause in that case existing before the chase began.

Though we cannot tell from the opinion in the case of Winiger v. State, 56 Okla. Cr. 20, 32 P. 2d 952, whether the chase of the defendant's automobile was at its inception lawful or unlawful, the court again approved the rule of the McAdams Case.

The case of Meehan v. State, 56 Okla. Cr. 198, 36 P. 2d 305, is apparently a probable cause case. In applying the rule of the McAdams Case the court distinguishes the Hamner and Welch Cases, supra.

In the case of Davis v. State, 60 Okla. Cr. 198, 63 P. 2d 112, the court, without comment, applied the rule in McAdams v. State.

The next case in which the Criminal Court of Appeals considered the question before us was Brumley et al. v. State, supra. This case involves the same parties, facts, and questions of law as herein involved. In supporting the search and seizure in the instant case the court cites the McAdams and Davis Cases, and quotes at length from the McAdams Case. The McAdams Case, as shown above (McAdams v. State, 101 Okla. 267, 219 P. 145), was also before us. On a detailed statement of facts we held there was probable cause from the inception of the chase or search, and

for this reason, I think, affirmed the forfeiture of the car in the court below. Thereafter the same facts and legal questions were presented to the Criminal Court of Appeals. Under the statement of facts by that court, the search and seizure were predicated on mere suspicion. Under the statement of facts as we detailed them to have been disclosed by the record, there was probable cause for the chase and search. This explains why we came to the same conclusion as the Criminal Court of Appeals. The chase, actual search and seizure in the McAdams Case, as we viewed them under the facts, were valid because the officers had information which gave rise to probable cause for the search, and which, if set out in the affidavit for a search warrant, would have been sufficient.

It will be noted from the chronological listing and discussion of the decisions of the Criminal Court of Appeals on the question involved that it has not been consistent in the application of its original rule laid down in the McAdams Case.

The majority opinion also cites Young et al. v. State, 155 Okla. 90, 7 P. 2d 884. The pertinent facts in that case were: The defendant and another drove his car about three miles north and east of Hobart, Okla., and stopped the car in the highway. One of the occupants then got out of the car, picked up a pint bottle half full of whisky, and returned and entered the car. The sheriff, who was a short distance behind them at the time, drove past the car and stopped. He saw the defendant raise the bottle of whisky and set it between the front and back seat. The sheriff thereupon arrested the parties and seized the car. The opinion discloses nothing that would indicate that the sheriff had been chasing the defendant prior to this time. So, obviously, that search was on probable cause based on acts committed in the presence of the officer, not the direct result of an unlawful chase or search.

In Hess et al. v. State, 84 Okla. 73, 202 P. 310, we asked and answered this pertinent question—"Can it be main-

tained that a citizen may be deprived of his property by a proceeding which has had its inception in an open and flagrant violation of the laws of the state by a sworn officer, whose duty it is to uphold and enforce the law?" In that case, as to unreasonableness of searches and seizures, we said:

"The entry by an officer upon the premises of an individual occupied and used as a rooming house without a search warrant and the searching of the premises and the seizure of furniture, bedding, and fixtures in the rooming house without process of any court authorizing such search and seizure was unauthorized, and such officer was a trespasser, and the seizure of the property under such circumstances was an invasion of the constitutional rights of the person occupying the premises guaranteed by article 2, sec. 30, of the Bill of Rights of the Constitution, relating to unreasonable searches and seizures, and the property so seized under such circumstances should have been ordered returned to the occupant of the premises by the court in which forfeiture proceedings were instituted pursuant to such unlawful acts.

"The forfeiture of property alleged to have been used in violation of the prohibitory laws of the state is a statutory proceeding, and a court cannot acquire jurisdiction of property sought to be forfeited except in the manner prescribed by the statute."

Whether or not a search is unreasonable should be determined upon whether or not there has been an invasion of the right of personal security, personal liberty, and private property. The happening of specific incidents during an invasion are not so important. Throwing liquor from an automobile is merely evidence of the offense of transporting liquor in violation of the law. Except for the unlawful chase the liquor would not have been thrown. It is, therefore, a direct result of and incident to the invasion of the personal liberties of the person suspicioned. One has a right to drive upon the highways of this state in a lawful manner without being unlawfully chased by an officer, who has no *probable cause* therefor, in the mere hope of obtaining some evidence that would justify his suspicion. If an incident occurs during such procedure, as a direct and involuntary result of such unauthorized chasing, such occurrence is not such a violation in the presence of the officer as to warrant a search and seizure as an incident to lawful arrest.

I think the rule announced by us in the Hess Case, supra, and by the Criminal Court of Appeals in the Welch and Hamner Cases, supra, is the proper rule.

I am, therefore, of the opinion that in the case at bar the search began at the inception of the chase by the officer; that there was neither *probable cause* therefor nor an offense committed in the presence of the officers theretofore, and the search was therefore unauthorized and unlawful; that any evidence gained by them during the continuance of such unlawful search was the result of an unreasonable search, and seizure thereof was unwarranted in law, and such evidence should have been suppressed upon the showing made by the defendant.

I am authorized to say that Justice RILEY concurs herein.