ODELL et al. v. STATE ex rel. FIELD, County Atty.

No. 31323. March 7, 1944.

*147 P. 2d 154.*

Hughes & Hughes, of Hobart, for plaintiff in error.

U. V. Jones, County Atty., of Snyder, for defendant in error.

PER CURIAM. On the 21st day of July, 1942, David L. Field, county attorney of Kiowa county, Okla., hereinafter referred to as plaintiff, filed a proceeding in the county court to confiscate one Ford 1940 coach for the reason that it was used in the illegal transportation of intoxicating liquor. Prior to the trial the defendant Tip Odell filed a motion to suppress the evidence for the reason that it was obtained by means of an illegal search. The trial court first sustained the motion to suppress the evidence, but upon proper application set the same aside and tried the cause before a jury. The evidence on the motion to suppress the evidence and at the trial is substantially the same. At the conclusion of the trial the court rendered judgment on the verdict for the plaintiff, ordering the automobile confiscated, and the defendant appeals.

The record discloses, without substantial dispute, that defendant was driving said automobile on the streets of Hobart when he passed another automobile parked while a highway patrolman was talking to the driver thereof about defective lights. The highway patrolman, together with the son of the sheriff, who was riding with him, followed the defendant's car through the streets of Hobart down Highway No. 9, through Lone Wolf, Okla., to near the town of Granite, Okla., where the defendant was stopped when the highway patrolman fired at defendant's automobile with a shotgun. Defendant was arrested for reckless driving and the testimony discloses that shortly prior to the time he was stopped defendant was traveling at approximately 80 miles per hour. His automobile was searched and three gallons of wine found therein confiscated.

It is first argued that the search was illegal because there was no search warrant. In Blair v. State, 75 Okla. Cr. 265, 130 P. 2d 545, it is held that where a misdemeanor is committed in the presence of an officer he has the right to arrest the offender without the necessity of having a search warrant; and if the arrest is not a subterfuge, he has the right to search the defendant and his immediate suroundings without the necessity of a search warrant. The fact situations in Blair v. State, supra, and the case at bar are almost identical.

It is next argued that the arrest for reckless driving was but a subterfuge. We cannot agree with this contention. When we consider that the testimony is undisputed that from the time the defendant left the city of Hobart he was speeding, that he passed through the town of Lone Wolf at the approximate speed of 80 miles an hour, and maintained this speed until he was stopped, we are convinced that there is positive proof that the highway patrolman had reasonable cause to make the arrest for reckless driving. See Welch v. State, 30 Okla. Cr. 330, 236 P. 68, and cases cited therein. In this connection defendant urges that the fact that he was afterwards acquitted before a justice of the peace in Hobart, Okla., is positive proof that the attempted arrest for reckless driving was a subterfuge. The law is to the contrary. Goodwin v. Continental Casualty Co., 175 Okla. 469, 53 P. 2d 241.

It is next argued that the search was

illegal because when the search was begun the defendant was committing no crime for which he could be arrested without a search warrant. In Brumley v. State, 69 Okla. Cr. 122, 100 P. 2d 465, the court considered the question of an arrest of a party guilty of committing a misdemeanor in the presence of arresting officers where the search was commenced on suspicion alone. Therein it was held that where the peace officer without a warrant, on suspicion merely, illegally attempted to arrest a person suspected of the commission of a misdemeanor and as a sequence of such attempted arrest the offense was actually committed in the presence of and to the certain knowledge of the arresting officer, the offender could be legally arrested without a warrant for the offense committed in the officer's presence. We think the rule is applicable in the case at bar, and since the evidence is positive and undisputed that after the highway patrolman began to follow the defendant's automobile the offense of reckless driving, or a reasonable cause to believe that the offense of reckless driving, was committed in the arresting officer's presence, the subsequent search of defendant's automobile was justified. See Brumley v. State, 190 Okla. 371, 123 P. 2d 967.

Defendant relies upon Bowdry v. State, 64 Okla. Cr. 86, 77 P. 2d 753. In that case it was assumed that the arresting officer acted without right and as a subterfuge in order to search defendant's automobile for intoxicating liquors. We have noticed the remaining cases cited and relied upon by the defendant, including Marple v. State, 51 Okla. Cr. 240, 1 P. 2d 836, and find that they are not in point.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, J., absent. ARNOLD, J., dissents.