BANK OF KINGFISHER VS. PRIOR P. SMITH *et al.*

1 BILL OF EXCEPTIONS—It is an invariable rule that where a bill of exceptions is filed after the close of the term at which judgment was rendered, it must show, affirmatively, on its face, that it was presented within the time allowed.

2. SAME—It may be stated as a general rule, that while parol evidence is competent, it is not of itself, unaided by any other notes, minute or memorial, sufficient to authorize a *nunc pro tunc* order; it may be competent, and yet insufficient.

*Error from Kingfisher County.*

THIS is an action upon a promissory note given by Prior P. Smith, E. J. Kelley, B. D. Brockett, W. J. Bonnett, and J. P. Irwin, for the sum of fifteen hundred dollars, to the Bank of Kingfisher, dated, Kingfisher, Oklahoma Territory, October 27, 1890, with interest at the rate of twelve per cent. per annum from date until paid.

Plaintiff filed his complaint in the district court of the Second Judicial district in and for Kingfisher

county, on the 10th day of March, 1891, praying for judgment against defendants for the amount of the principal of said note and interest thereon.

The defendants deny their liability upon the note, alleging fraud and want of consideration. The issues being thus joined, on the 12th day of November, 1891. both parties announced ready for trial.

A jury was empaneled and sworn to try the issues. The court declared that the preponderance of the proof, under the pleadings, rested upon the defendants. The defendants thereupon introduced their evidence, to which the plaintiff demurred, charging that the same was insufficient to constitute a defense and could not, under any rule of law, defeat the plaintiff from recovering on the note. The court sustained this demurrer, and ordered the jury to bring in a verdict for the plaintiff. The defendants excepted to such instructions, for the reason that they were, as alleged, contrary to law and not sustained by the evidence. The jury returned their verdict for the plaintiff according to the instructions of the court.

Judgment was rendered thereon, and a motion for a new trial was filed on the 21st day of November, 1891, and on the 22nd day of November, 1891, the court overruled said motion, and the defendants then asked thirty days in which to present their bill of exceptions, which was granted.

On the 24th day of May, 1892, the defendants, by their attorney, William McCartney, filed the following affidavit:

"W. A. McCartney, being first duly sworn, on oath, says that he is one of the attorneys for the plaintiffs and was during the trial of the above entitled defense.

"That the said cause was tried at the October, 1891, term of the district court of the Second Judicial district, sitting in and for the county of Kingfisher, Territory of Oklahoma.

"That the Hon. A. J. Seay was presiding judge of

said court during said term and presided at the trial of the above entitled cause.

"That on the 17th day of November, 1891, after trial of said cause before said judge and regularly empaneled jury, a judgment was rendered in favor of said plaintiff and against said defendants, whereupon said defendants filed their motion for a new trial, which motion was overruled by the court on the 21st day of November, 1891; that on the same day, to-wit: On the 21st day of November, 1891, said defendants asked of the court thirty days wherein to present to the court their bill of exceptious in said cause, which time was by the court granted; that thereafter and within the time granted by the court for said purpose, to-wit: On the 21st day of December, 1891, said defendants presented to the court a proper bill of exceptions in writing, which bill of exceptions is hereto attached and made a part hereof.

"That afterward, to-wit: On the —— day of——, 1892, the said A. J. Seay resigned his position as judge of the Second Judicial District of the territory of Okahoma, without having signed and settled said bill of exceptions, and for some time thereafter said office of judge of said district remained vacant.

"That thereafter, to-wit: On the 22nd day of March, 1892, the Hon. J. H. Burford was appointed to fill the postition made vacant by the resignation of the said Hon. A. J. Seay.

"That the said Hon. J. H. Burford is now the duly appointed, qualified and presiding judge of the Second Judicial District of the Territory of Oklahoma.

"And now, therefore, for the reasons heretofore set out, said defendants, on this 23rd day of May, 1892, most respectfully present to your Honor (Judge Burford) their proper bill of exceptions in said cause and most respectfully petition your honor to sign and settle said bill of exceptions herewith presented in order that said detendants may perfect their appeal to the supreme court of the said territory."

On the 16th day of January, 1893, said McCartney submitted an additional affidavit, which reads:

"W. A. McCartney, of lawful age, being first duly sworn, deposes and says: That he was one of the

attorneys for the defendants in the above entitled cause, in the trial of said cause in said court. That the Hon. A. J. Seay was the judge of said court at the time of the trial of said cause and presided at said trial, and was the judge of said court until some days after the 22nd day of December, 1891.

"That said affiant on the 21st day of December, 1891, presented to said A. J. Seay, judge of said court, a bill of exceptions with a blank certificate thereto attached for said judge to sign. That some time after, the exact date of which is not known to this affiant, the said Hon. A. J. Seay resigned the office of said judgeship without having signed said bill of exceptions.

"That at the time said bill of exceptions was presented, to the said judge as aforesaid, it was left with him for his signature or corrections."

Thereupon, Judge Burford, the successor to Judge Seay, made the following order basing his findings therein solely upon the affidavits just quoted.

"On this 16th day of January, 1893, a motion in the above entitled cause was presented to me in chambers, and both parties being present by counsel and having heard the argument of counsel and being fully advised, said motion to strike out certain words and dates in the certificate of the judge, to the bill of exceptions, is overruled. But, inasmuch as it has been made to appear to me that there was, at the time said bill of exceptions was presented to me a petition, duly verified attached thereto, wherein it is shown that said bill of exceptions was presented to the Hon. A. J. Seay, judge of said court, (and who presided at the trial of said cause) on the 21st day of December, 1891, and that he failed to sign the same before leaving the bench and resigning said office, and there being no proof controverting said petition, said facts should have been specially found in said certificate.

"It is therefore hereby ordered that. in order to correct said certificate and make the facts appear as there shown by proof, that said certificate shall read as follows, to-wit: 'And now the defendants tender this, their bill of exceptions, on this 23rd day of May, 1892, and it having been made to satisfactorily appear

by the proof before me that said bill of exceptions was tendered to my predecessor, Hon. A. J. Seay, judge of said court, for his approval and signature, on the 21st day of December, 1891, the same is now signed, sealed and made a part of the record which is done this 10th day of October, 1892.

" 'And it is further ordered that the clerk of said court, file and record these proceedings, and that the said certificate be attached and made a part of said bill of exceptions, and it is further ordered that the motion to correct record filed herein, the affidavit in support thereof, service of notice and this order be filed and made a part of the record in said cause without a bill of exceptions, to all of which the plaintiff by its counsel, W. W. Noffsinger, objected to each and every step in said proceedings, and he is given five days in which to prepare, file and tender his bill of exceptions herein.' "

The appellees insist that the supreme court has never acquired jurisdiction in the case for the reason that the appeal was not properly taken. The additional facts are stated in the opinion.

*W. A. McCartney* and *Kane & Jones* for appellants.

*F. E. Gillette* and *W. W. Noffsinger* for appellee.

The opinion of the court was delivered by

SCOTT, J.: On the 21st day of November, 1891, when the court below overruled the motion for a new trial, the defendants were allowed thirty days in which to present and file their bill of exceptions. We have no further record evidence of this action from that time until the 24th day of May, 1982, when W. A. McCartney, attorney for the defendants, submitted to the successor of the trial judge a petition and affidavit alleging that the bill of exceptions was presented to the trial judge within the time allowed for the filing thereof, and praying that said bill of exceptions be

signed and settled by such successor, that an appeal from the court below might be perfected.

The next record we find is an additional affidavit by defendants' attorney, submitted on the 16th day of January, 1893, in which the same facts are in substance set forth with a greater degree of certainty.

Upon the facts thus set forth, on the 16th day of January, 1893, Judge Burford signed and settled the bill and the appeal was thereupon taken and the record filed in this court.

It is not contended by appellants that there is any record or documentary evidence upon which to base the parol evidence submitted by them upon which this appeal is sought to be allowed. Sole reliance is placed upon the parol evidence. Is it alone sufficient to show the fact that the bill was presented to the trial judge within the time allowed, or that it was presented for signature or settlement at all?

If the trial judge had made a note or minute upon the bill that it had ever been presented, then, unquestionably, parol evidence would be competent to show that it was presented within the time allowed. Such is not the case. Record evidence is not only wanting to show that it was presented in time, but even wanting to show that it was, in fact, presented at all.

Section 4653, Statutes of 1890, provides:

"That when the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign and cause it to be filed without delay. When so filed it shall be part of the record, and delay of the judge in signing and filing the same shall not deprive the party objecting of the benefit thereof.

"The date of presentation shall be stated in the bill of exceptions and the entry shall show the time

granted, if beyond the term for presenting the same."

At common law the bill of exceptions was required to be completed, signed and filed during the term, but by statute in the states generally, and in this territory, the time may be extended by an order of the court. Where the bill is filed after the term the record entry must affirmatively show that the time beyond the term was given.

It is an invariable rule that where the bill is filed after the close of the term, it must show affirmatively on its face that it was presented within the time allowed. (See Elliott's Appellate Procedure, Section 802).

Subsequent to the decision and before the time of signing and settling the bill of exceptions the judge who tried the cause went out of office by resignation and the judge who allowed the bill duly became his successor; and, as before stated, it is a disputed matter upon the face of the record itself and undetermined by its recitals, whether or not the bill of exceptions was duly presented within the time allowed by the court. Had this matter been definitely settled by the record itself, beyond cavil, the doctrine of absolute verity might apply.

It may be stated as an established rule, that, while parol evidence is admissable to aid in determining whether an amendment to a bill of exceptions is proper, an amendment cannot be made upon parol evidence alone, and the courts are more cautious and careful in ordering amendments of bills of exception than they are ordering other parts of the record.

Treating of this general subject, Mr. Elliot, at § 213, says:

"We have concluded, upon an examination of our own, and other cases, that the true rule is, that while parol evidence is competent, it is not of itself, unaided by any other note, minute, or memorial, sufficient to authorize a *nunc pro tunc* order. It may be

competent, and yet insufficient. It would certainly violate the rule laid down in a long line of cases to hold that parol evidence is all that is required."

See also *Hamilton vs. Burch*, 28 Ind., 233; *Seig vs. Long*, 72 Ind., 12; *Kirby vs. Bowland*, 69 Ind., 290.

In view of the rule thus unquestionably established in the state from which our procedure was adopted, it seems that this consideration alone is fatal to appellants, and renders unnecessary the discussion of less salient questions.

We, therefore, in consonance with these views, direct a dismissal of the appeal and affirmance of the judgment rendered below.

By the Court:   It is so ordered.

All the Justices concurring.