*Ex parte* W. L. WALTON.

No. A-126. Opinion Filed May 27, 1909.

(101 Pac. 1034.)

1. **HABEAS CORPUS—Void Judgment—Discharge.** Where a party is arrested and brought before a justice of the peace acting as police judge, charged with the violation of a town ordinance, and upon arraignment refuses to enter a plea, and the justice, without hearing any evidence to support the complaint, finds the defendant guilty and sentences him to imprisonment, and he is so imprisoned, **held,** upon a petition for a writ of habeas corpus, that said judgment is void, and the imprisonment illegal and without authority of law.

2. **ARRAIGNMENT AND PLEA—Plea of Guilty—Conviction Without Evidence.** When no evidence is offered to support a criminal complaint, a plea of guilty is indispensable to sustain a judgment of conviction.

3. **HABEAS CORPUS—Record of Justice—Impeachment.** The recitals of the record, as shown by the judgment rendered by a justice of the peace, that the defendant refused to plead, and

that no testimony was taken, is conclusive and parol evidence is incompetent in a collateral proceeding to impeach said record.

(Syllabus by the Court.)

Application of W. L. Walton for writ of *habeas corpus.* Writ allowed, and petitioner discharged.

On April 1, 1909, a petition, duly verified by petitioner, W. L. Walton, praying that a writ of *habeas corpus* be issued, was filed with the clerk of the Criminal Court of Appeals, and said petition was on said date presented to Hon. H. G. Baker, one of the judges of this court, and the writ was allowed by said judge as prayed for in said petition and made returnable to this court on the 15th day of April, 1909, at which time respondent N. C. Stowell, city marshal of Clinton, appeared in person, and by his attorney, A. J. Welch, produced petitioner, and filed his return, showing that he held said petitioner by virtue of a commitment issued as alleged in said petition by A. P. Brown, a justice of the peace in and for the town of Clinton, Custer county, Okla., in a case entitled Town of Clinton v. W. L. Walton. Copies of the complaint, judgment, and sentence, and the commitment, are as follows:

Exhibit A:

"Justice Court. State of Oklahoma, Custer County, The City of Clinton—ss.: Complaint. W. L. Walton. Before me, A. P. Brown, justice of the peace within and for the city of Clinton, Custer county, in said state, personally appeared S. J. Storm, who, being sworn, upon his oath, says that on or about the 20th day of January, 1909, in said county and town, W. L. Walton, did unlawfully violate Ordinance No. 96 of said town, by contracting brick work, cement work, and carpenter work in said town without first having paid his occupation taxes as provided in said ordinance, and against the peace and dignity of the state of Oklahoma, wherefore, affiant prays that a warrant may issue for the arrest of said W. L. Walton, that he may be dealt with according to law. S. J. Storm.

"Subscribed and sworn to before me this 20th day of January, 1909. A. P. Brown. Justice of the Peace.

"I have examined the facts in this case, and recommend that

a warrant do issue, and that the following witnesses be subpœnaed on part of the state as witnesses. A. J. Welch, Prosecuting Attorney."

Exhibit B:

"Town of Clinton, Plaintiff, v. W. L. Walton, Defendant. Before A. P. Brown, Justice of the Peace of the Town of Clinton, Okla. The above-named defendant was arrested on the 20th day of January, 1909, and arraigned on a charge of violating the occupation ordinance of the town of Clinton, Okla., and defendant stated to the court that, if he was granted a little time, he would pay the required tax. Consequently he was given two months in which to make the payment, and at the end of that time he refused to pay any tax at all. The defendant was arraigned the second time on the 20th day of March, 1909, at 10 o'clock a. m., and refused to enter a plea. The court having considered the evidence in the complaint, also that of the defendant, finds the defendant guilty as charged in the complaint and the defendant is fined in the sum of $100.00 and costs of suit, costs taxed at $9.00. A. P. Brown, Justice of the Peace."

Exhibit C:

"Commitment. State of Oklahoma, Custer County—ss.: In the Justice Court of the City of Clinton, Okla. The City of Clinton v. W. L. Walton, Defendant. Greeting—To the City Marshal of the City of Clinton: Whereas, the above named defendant has been arrested and brought before me, A. P. Brown, justice of the peace, within and for the city of Clinton, said county and state, and after being duly arraigned, tried and convicted of the crime of violating the Occupation Ordinance No. 96 of the town of Clinton, Okla., and fined in the sum of $100.00 and costs, and taxed $9.00 and in default of payment of the same you are therefore commanded to take said defendant into your custody and imprison him in the common jail of said city and to hold him subject to the street commissioner of said city. Upon the order of of said commissioner you will deliver him to said commissioner to work upon the streets of said city of Clinton. And you are further commanded to release said defendant upon payment of said fine and costs, and due return thereof make. Witness my official hand this 31st day of March, A. D. 1909. A. P. Brown, Justice of the Peace.

"It is admitted by both parties that no witnesses were sworn,

and that no testimony was taken before the justice that issued the commitment. The respondent requested that he be permitted to show by witnesses that petitioner did in fact upon arraignment enter a plea of 'guilty,' and the court permitted petitioner and respondent to offer their oral proof. Petitioner was given 20 days to file briefs and respondent 10 days to file an answering brief, and said cause was set for final determination on May 8, 1909. Petitioner to be released from custody pending the determination of said cause by giving a good and sufficient bond, conditioned to abide the judgment of this court in the sum of $300. Said bond to be approved by A. P. Brown, justice of the peace in and for the town of Clinton, Custer county, Okla. Holcombe and Bulow, Attorneys for Petitioner. A. J. Welch, City Attorney, for respondent."

*Holcombe & Bulow,* for petitioner.
*A. J. Welch,* for respondent.

DOYLE, JUDGE. The facts are these: The petitioner is in the custody of the respondent, who is marshal of the town of Clinton, under a warrant of commitment issued by A. P. Brown, a justice of the peace in and for said town. It appears from the record that on the 20th day of January, 1909, a complaint was filed against petitioner, charging him with a violation of an occupation tax ordinance of said town. The petitioner was arrested, brought before said justice of the peace, and arraigned and refused to plead, but promised to pay said occupation tax. Whereupon he was given 60 days to pay the same. At the end of this time he had failed and refused to pay said tax. Whereupon, on the 20th day of March, 1909, he was again arraigned, and refused to plead. Whereupon, without any evidence being offered to support the complaint as filed, he was by said justice of the peace adjudged guilty and sentenced to pay a fine of $100, and costs, and the commitment issued. The record purports to show a complaint, also the judgment, sentence, and commitment, but it wholly fails to show that the petitioner ever entered a plea to the complaint, or that any testimony was offered in support of said complaint.

Where there is a judgment, sentence, and, commitment, the record must show that a plea of guilty was entered, or that evidence to support the complaint was offered. One or the other are imperatively required to give the justice jurisdiction of the accused, in order that the justice may have authority to pronounce judgment and sentence, and issue a commitment thereon. The recitals of the record show that in the proceedings had there was no plea entered, and there was no evidence offered. While this court is disposed to regard tolerantly any mere technical irregularities, or defects of form in proceedings before justices of the peace, it would be going too far to hold the record in this case to be sufficient to support a judgment of conviction, sentence, and commitment. Justices of the peace acting as police judges in the towns of this state for the trial of offenses, under the town ordinances, are controlled by the provisions of procedure criminal, except where it is otherwise prescribed by statute.

Respondent before this court sought to contradict the recital in the record that defendant "refused to enter a plea" by parol testimony, showing that petitioner did, in fact, plead guilty. This testimony was wholly incompetent. The records of a court, even a justice of the peace court, import absolute verity, and cannot be overthrown by parol testimony in a collateral proceeding. Where a justice of the peace has acquired jurisdiction, the only competent evidence of the proceedings had is the record required by law to be made, and the record is conclusive as against any parol attack in a collateral proceeding attempting to impeach it. The record of the justice of the peace court must stand or fall by itself, and cannot be supported, supplemented, or contradicted by parol proof in a collateral proceeding.

As this question is decisive of this case, it is unnecessary to discuss the other questions presented.

Wherefore the prayer of petitioner is granted, the writ allowed, and petitioner discharged.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.