## *In re* E. H. H. GATES.

No. A-2768.     Opinion Filed June 22, 1916.

(158 Pac. 289.)

Where a party is arrested and brought before a municipal judge, charged with the violation of a city ordinance, and upon arraignment enters a plea of not guilty, and the municipal judge without hearing any evidence to support the charge, finds him guilty and sentences him to pay a fine and in default of the payment thereof commits him to the city jail and he is so imprisoned, **held**, upon a petition for writ of **habeas corpus**, such judgment of conviction void, and the imprisonment illegal and without authority of law.

Application for writ of *habeas corpus* by E. H. H. Gates. Petitioner discharged.

*John J. Carney* and *C. T. Gibson,* for petitioner.

*B. D. Shear,* City Counsel of Oklahoma City, for respondent.

DOYLE, P. J.   This is a petition for writ of *habeas corpus* filed for setting at liberty E. H. H. Gates. The writ was granted, returnable before this court June 21, 1916.

The petitioner avers that he is restrained of his liberty and is unlawfully imprisoned in the city jail of Oklahoma City by W. B. Nichols, chief of police of said city.

It is further averred in the petition that on the 17th day of June, 1916, petitioner was making a speech in the evening of said day on California avenue, one of the streets of Oklahoma City, and he was arrested by H. W. Meder, a police officer of said city and was then and there informed by said Meder that he was arrested because the chief of police of Oklahoma City had forbidden any public speaking upon either First street, Main street, Grand avenue, or California avenue, which are streets within said city, and that thereafter to-wit, on the 20th day of June, 1916; your petitioner was tried before John W. Choate, acting municipal judge of Oklahoma City, and was fined ten dollars and costs and

was committed to the city jail of Oklahoma City in default of the payment of said fine and costs.

It was further averred that no legal testimony whatever was introduced against petitioner in the trial of said cause for the reason that the only witness called and sworn in the trial of said cause was sworn by Frank Watson, an attorney, who was not authorized under the law to administer said oath.

In obedience to the writ respondent produced petitioner and filed his return, which admits that the oath administered to the sole witness for the state was not administered by a person authorized to administer oaths.

In the case of ex parte Walton, 2nd Okla. Cr. 437, 101 Pac. 1034, it is said:

"Where there is a judgment, sentence, and, commitment, the record must show that a plea of guilty was entered, or that evidence to support the complaint was offered. One or the other is imperatively required to give the justice jurisdiction of the accused, in order that the justice may have authority to pronounce judgment and sentence, and issue a commitment thereon. The recitals of the record shows that in the proceedings had there was no plea entered, and there was evidence offered. While this court is disposed to regard tolerantly any mere technical irregularities, or defects of form in proceedings before justices of the peace, it would be going too far to hold the record in this case to be sufficient to support a judgment of conviction, sentence, and commitment. Justices of the peace acting as police judges in the towns of this state for the trial of offenses, under the town ordinances, are controlled by the provisions of procedure criminal, except where it is otherwise prescribed by statute."

The undisputed facts, as they appear from the petition and the return thereto, are that no person was properly sworn as a witness and no evidence was offered to support the complaint following the petitioner's plea of not guilty.

We are therefore of the opinion that said judgment of the municipal court in said cause is void and that the petitioner is illegally restrained of his liberty and is entitled to his discharge, and it is so ordered.

ARMSTRONG and BRETT, JJ., concur.