JOHN WHITE et al. v. STATE

No. A-6805.   Opinion Filed Oct. 5, 1929.
Rehearing Denied Nov. 2, 1929.
(281 Pac. 824.)

Jno. J. Carney, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Oklahoma county on a charge of maintaining a public nuisance by keeping a place where intoxicating liquors were kept for sale and where persons congregated for the purpose of buying and drinking intoxicating liquor.  Their

punishment was fixed by a jury at a fine of $250 for each of them, and each to be confined in the county jail for a period of 90 days.

The evidence of the state is: That W. P. Lindsay and H. O. Brown, deputy sheriffs, arranged with two boys, Fishburn and Turner, to purchase liquor from the defendants at their premises; that these boys went and arranged for the purchase of the whisky and returned in the evening about 8 o'clock accompanied by these officers to receive the liquor and pay for the same. This being at a public place, the officers were not at the time trespassers. That the witness, Lindsay, stood outside of the window and saw the defendant Mrs. White deliver the half gallon of whisky to the boys and rushed into the house, served the search warrant on Mrs. White, and seized this whisky. That Mr. White came in the room with his shotgun threatening the officers, and that they arrested him, and then, making a further search of the premises, found, a half gallon of whisky hid under the back porch of the residence.

The defendants first complain that the affidavit for the search warrant was insufficient; while the affidavit is not a model, it contains enough facts to authorize the issuance of the search warrant. The fact that the officer witnessed the sale and delivery of the liquor authorized the seizure of the same, even if the affidavit had not been sufficient. After the arrest of the defendant White, who was the proprietor of the place, for an offense committed in the presence of the officers, a legal search could be made, and the motion of the defendant to suppress the evidence was properly overruled.

The defendants next contend that the description of the premises in the search warrant was insufficient. It is often impossible to give an exact description of the

premises located on the edge of a city and on a paved highway. In this case, the description reads:

"The White Street filling station and residence on the Norman car line, being the first two buildings north of the Hoover dance hall."

In the case of Herring v. State, 43 Okla. Cr. 190, 277 Pac. 683, this court said:

"The description of the premises to be searched is sufficient, where it enables the officers executing the search warrant to locate the premises to be searched without the aid of other information, except that contained in the search warrant."

The description being sufficient to enable the officers to locate the premises described, the objection was properly overruled. The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.