## MRS. HOWARD REYNOLDS v. STATE.

No. A-7426. Opinion Filed June 28, 1930.
(289 Pac. 782.)

P. G. Fullerton, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted upon a charge of having under her control certain intoxicating liquor, to wit, 48 pints of beer, with intent to violate the prohibition laws of the state of Oklahoma, by bartering, selling, giving away, or otherwise disposing of the same, and was sentenced to pay a fine of $250 and be imprisoned in the county jail for 60 days. From which judgment the defendant by petition in error and case-made has appealed to this court.

The testimony on behalf of the state tends to show that a search warrant was secured by S. A. Logan, a constable, who in company with Mr. Thoroughman and others went to the home of Howard Reynolds, the husband of the defendant; Howard Reynolds was away from home at the time, and also the defendant, Mrs. Howard Reynolds. The officer testified he knocked at the door and a small boy opened the door and he went in; Mrs. Littlepage, the mother of the defendant, was in the house and some one else; they searched the home and found several bottles of home-brew.

Upon the hearing of the motion to suppress the evidence, the return of the officer was introduced, showing as follows:

"Received this writ August 4, 1928. Executed same August 11, 1928, by going to the within named place, and as herein commanded did make diligent search and found following goods named in this writ, to wit: 48 pint bottles of intoxicating beer and destroyed same after drinking some of beer in order to know whether it was intoxicating or not. S. A. Logan, constable."

The testimony further shows that shortly after the officers began making the search, the defendant, Mrs. Howard Reynolds, came home, and she was arrested,

charged with the possession of the beer, as shown by the proof of the state to be home-brew.

Before calling the case for trial the defendant filed a motion to suppress the evidence secured, for the reason that the evidence that would be offered by the state was secured by an unlawful search of her premises; that no service of the search warrant was had upon her, and that the search warrant, if any was issued, was void, and that the same was based upon an affidavit wholly insufficient to give the magistrate jurisdiction to issue the search warrant thereon. Upon a hearing of this motion it was stipulated between the state and the defendant that the search warrant was issued by D. Moncrief, Sr., justice of the peace, on August 4, 1928; that S. A. Logan made the affidavit; that the affidavit contained all the testimony submitted to the magistrate before the issuing of the search warrant; that the return of S. A. Logan, as constable, is a full report of the proceedings had in connection with the said search, and the disposition of the articles and things seized. The motion to suppress was considered by the court and overruled, and the defendant duly excepted.

The defendant has assigned five errors alleged to have been committed during the trial of his case, the first being error of the court in overruling plaintiff in error's motion for a new trial. The assignment alleging the court erred in overruling the motion for a new trial covers all the other assignments.

Section 7009, C. O. S. 1921, provides for the manner of executing a search warrant and service of the same. It requires the officer to whom the search warrant is addressed to seize all such liquor found, together with the vessels in which it is contained, and all implements used

or kept for such illegal manufacture, selling, bartering, giving away, or otherwise furnishing the same, and to safely keep the same and make a return on said warrant within three days showing all the acts and things done thereunder, with a particular statement of all the property and things seized of the person or persons in whose possession the things were found, and, if no person be found in possession of said property and things, the return shall so state. A copy of the said warrant shall be served upon the person or persons found in possession of any such liquor, furniture, or fixtures so seized, and, if no person be found in possession thereof, a copy of the said warrant shall be posted on the door of the building or room wherein the same are found.

The defendant in this case alleges that no warrant was served on her, nor any one in possession of the premises searched by the constable. The return of the constable fails to show that a copy of the search warrant was served on the defendant, or posted on the buildings as required by the statute.

Section 7009, supra, requires that the search warrant be served and returned within three days. The return of the officer in this case shows that he received the writ on the 4th day of August, 1928, and did not serve the same until August 11, 1928. The record further shows that he did not comply with the statute by serving a copy of the warrant on the party in possession of the premises, or, if no one was found in possession, by posting a copy on the door of the building. The service of the search warrant was void, and any evidence secured thereunder was inadmissible.

The judgment is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.