## INDIAN TERRITORY ILLUMINATING OIL CO. v. BURKE et al.

No. 23737.    Sept. 17, 1935.

A. L. Jeffrey, for plaintiff in error.

Foster & Roper and Herman Merson, for defendants in error.

OSBORN, V. C. J. Joseph M. Burke, James E. Burke, and J. O. Dover, hereinafter referred to as plaintiffs, filed an action in the justice of the peace court of James C. Anderson, in and for Greely township district, Oklahoma county, against the Indian Territory Illuminating Oil Company, hereinafter referred to as defendant, and on November 17, 1931, recovered judgment against said defendant for the sum of $125. On November 27, 1931, defendant filed an appeal bond for appeal to the district court of Oklahoma county. The appeal bond was taken and approved by James C. Anderson, justice of the peace, who thereafter resigned from said office and Roy Walcott was appointed his successor. The original appeal bond was lost and no entry was made on the trial docket of the justice of the peace to show that the same had ever been filed. Execution was issued on said judgment and defendant filed an application to withdraw execution and substitute a copy of said appeal bond. After hearing the justice of the peace found that the bond had been taken and approved on November 27, 1931, and ordered that the substituted bond be filed and the execution on the judgment withdrawn. Thereafter the justice of the peace made a transcript of his docket entries and delivered it with all the papers in the case to the court clerk of Oklahoma county. Thereafter plaintiffs filed a motion to dismiss the appeal. The motion was heard and sustained and the appeal dismissed. From said order and judgment, defendant appeals to this court.

Sections 810 and 811, O. S. 1931, provide for the restoration and substitution of lost court records where such records are lost or destroyed without fault of either party. The language therein, "of any court in this state", is sufficiently comprehensive to include justice courts. These statutes provide for

the filing of application by petitioner under oath to the court where the records are kept and for the giving of notice and for a hearing thereon. It is further provided that if upon such hearing the court shall be satisfied that the statements contained in the written application are true, the lost record may be supplied and the substituted record shall have the same effect as the original record would have had if the same had not been lost or destroyed. It appears that defendant has substantially complied with the provisions of these sections of the statutes. It is stated in defendant's brief that "both plaintiffs and defendant appeared by their respective counsel and testimony was taken in support of the motion." This statement is not controverted or denied in the brief of plaintiffs. Since plaintiffs' counsel voluntarily appeared and participated in the hearing on the application, the proceeding was not invalid for failure to issue and serve notice of hearing.

The principal contention of plaintiffs is that parol evidence, unaided by a note, a minute, or memorandum, is insufficient to authorize an order of substitution of the lost instrument. As authority for such position they rely upon the cases of Bank of Kingfisher v. Smith, 2 Okla. 6, 35 P. 955, and Boynton v. Crockett, 12 Okla. 57, 69 P. 869. These cases are applicable only by analogy since they deal with the correction of court orders and not the substitution of lost instruments. In the case of Clark v. Bank of Hennessey, 14 Okla. 572, 79 P. 217, 2 Ann. Cas. 219, the above cases were criticized. In the case of Co-wok-ochee v. Chapman, 76 Okla. 1, 183 P. 610, the rule announced in said cases was repudiated. The latter case was followed by the recent case of Abernathy v. Houston, 166 Okla. 184, 26 P. (2d) 939. The rule now is that the court, for the purpose of making its records speak the truth, may proceed on any evidence satisfactory to itself, whether oral or documentary, whether record or otherwise. See, also, Jones v. Gallagher, 64 Okla. 41, 166 P. 204, 10 A. L. R. 518, Anno. at page 526. Plaintiffs' contention is wholly without merit.

The application for the substitution of the lost instrument was properly made in the justice court. In re Cox's Estate, 124 Okla. 254, 255 P. 680.

The motion to dismiss filed in the district court constitutes a collateral attack on the proceeding in the justice court for the substitution of the lost instrument. There is nothing on the face of the proceeding to show a lack of jurisdiction of the justice of the peace and no invalidity appears on the face of the record of such proceeding. Therefore said attack on said proceeding, being collateral, and not direct, must fail. Courtney v. Barnett, 65 Okla. 189, 166 P. 207.

The judgment of the trial court is reversed and the cause remanded, with directions to reinstate the appeal.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.