## WILLIAM BORCHERS v. STATE.

No. A-9017.   April 10, 1936.
(56 Pac. [2d] 922.)

A. L. Morrison and Ray K. Bannister, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  This appeal is from a judgment of the county court of Canadian county entered in pursuance of a verdict of a jury finding William Borchers guilty on a charge of unlawful possession of approximately eighteen pints of whisky and fixing his punishment at confinement in the county jail for 30 days and a fine of $50.

The only assignment of error presented in the brief is that the conviction was had on evidence obtained by an illegal search of the home of the defendant.

When the case was called for trial and before the jury was impaneled, the defendant filed a motion to suppress the evidence on the ground that the search of his home and seizure was illegal, in that no search warrant was ever served.

In support of his motion the defendant testified substantially as follows: That he lives two miles southeast of El Reno with his wife and four children. On the afternoon of the 26th of April, 1935, returning from town with his wife, he found officers Farris, Whelan, Witlock, and Pool coming out of his home; that none of his family were at home at the time; that no search warrant was served upon him or upon any member of his family, or any person on the premises; that no search warrant was posted on the door, and no search warrant was left on the premises; that he did not see any warrant on that occasion; that the officers searched his car after his arrival, but did not claim to have a search warrant.

There was no testimony offered on the part of the state.

The court overruled the motion to suppress.

Section 2635 of the Enforcement Act (St. 1931) provides in part as follows:

"And to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said property and things, his return shall so state. A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

It appearing from the record that the officers making the search of the defendant's home did not comply with the requirements of the statute, the service of the search warrant was void, and any evidence secured thereunder

was inadmissible. Reynolds v. State, 48 Okla. Cr. 131, 289 Pac. 782.

The guaranty of section 30, art. 2 of the Bill of Rights that:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized" should be respected by all peace officers and law-abiding citizens.

In Uhlenhake v. State, 58 Okla. Cr. 248, 52 Pac. (2d) 117, 121, it is said:

"The effect of said section 30 is to put the courts of the state and state officials in the exercise of their power and authority, under limitations and restraints as to the exercise of such power and authority, and to forever secure the people, their persons, houses, papers, and effects against all unreasonable searches and seizures under the guise of law. This protection reaches all alike, and the duty of giving to it force and effect is obligatory upon all intrusted with the enforcement of the laws."

What we have said leads to the conclusion that the court erred in overruling the defendant's motion to suppress the evidence. The judgment of the lower court is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.