## H. W. O'NEAL v. STATE.

No. A-9462. March 3, 1939.
(87 P. 2d 1108.)

J. Q. A. Harrod and Laynie W. Harrod, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J.   The defendant was jointly informed against in Oklahoma county with T. E. Gratten, charged with having possession of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $50 and be confined in the county jail for 30 days, and has appealed.

Before the case was called for trial, the defendant filed a motion to suppress the evidence secured by the officers, for the reason that the evidence that would be offered by the state was secured by an unlawful search of his car.   Second, that no service of the search warrant was had upon him.

On the motion to suppress, testimony was taken and disclosed the fact that the defendant drove up to a parking place on the rear of a grocery store, in Oklahoma City, and got out and went into the grocery store.   The officers saw him park his car and went to the car, looked in it and claimed they found some whisky, and took the car to a garage.   When the defendant came out, his car was gone, and he later learned what had become of it.

The testimony showed a very peculiar state of facts. The search warrant was introduced in evidence on the motion to suppress, and shows that it was dated July 7, 1937, and signed by Jack Cecil Wheeler.   The officers, when they took the defendant's car, failed to leave a copy of their search warrant in the car, or to serve the defendant with a copy.   Upon an examination of the search warrant, under which the officers claimed they searched the defendant's car, it shows that the search warrant was

dated July 7, 1937, and the car was not searched under this search warrant until July 12, 1937, more than five days after the search warrant was issued.

When the testimony was being taken, a deputy sheriff, by the name of Dan Kean, testified and stated that the search warrant bore the signature of the justice of the peace and his signature. "Q. Imprinted through on the copy? A. Yes, sir. We went and got several warrants that day."

From the testimony of this deputy, it is difficult to believe that when the affidavit for the search warrant was made on the 7th day of July, 1937, the officers intended to search the defendant's car at that time. It looks more like an afterthought, and that the officers were armed with some blank search warrants, and when they found a car they filled in the license number of the car and then proceeded to use the search warrant and search it.

The first error assigned by the defendant is: "That the trial court erred in refusing to sustain the motion of the defendant to suppress the evidence herein."

Section 2635, St. 1931, 37 Okla. St. Ann. § 84, provides in part as follows:

"And to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said property and things, his return shall so state. A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

In Reynolds v. State, 48 Okla. Cr. 131, 289 P. 782, the court said:

"Where service of a search warrant is not made within the time provided by section 7009, C. O. S. 1921 [section 2635, St. 1931, 37 Okla. St. Ann. § 84] the service is void, and evidence secured thereunder is inadmissible."

It clearly appears from the evidence of the officers in this case that no copy of the search warrant was left in the car, or served on the defendant, and that section 7009, C. O. S. 1921, now section 2635, St. 1931, 37 Okla. St. Ann. § 84, was not complied with.

In Borchers v. State, 59 Okla. Cr. 116, 56 P. 2d 922, it is held:

"In prosecution for illegal possession of intoxicating liquor, where service of search warrant is not made by serving a copy of the warrant in the manner provided by statute, section 2635 (St. 1931, 37 Okla. St. Ann. § 84), any evidence secured thereunder is inadmissible against the defendant."

If the correct date is shown in the search warrant the officers claimed to have acted under, the search warrant was issued five days before it was served on the defendant.

The service of the search warrant after the expiration of three days as provided by the statute was void, and any evidence secured thereunder is inadmissible.

For the reasons stated, the court erred in overruling the motion to suppress, and the case is therefore reversed and remanded.

DOYLE, P. J., and BAREFOOT, J., concur.