## JOHN C. HAYS v. STATE.

No. A-9613.  Dec. 14, 1939.

(97 P. 2d 94.)

Harry Kirkendall, of Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Roy Holbird, Co. Atty., of Enid, for the State.

BAREFOOT, J.  The defendant was charged in the county court of Garfield county with the crime of unlawful possession of intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $100 and to serve 60 days in the county jail, and has appealed.

A motion was made by the defendant to suppress the evidence, alleging the invalidity of the purported search warrant issued, that it was in violation of the Constitution of the United States, the Bill of Rights of this state, and in violation of his statutory rights.

Evidence was offered by the defendant in support of this motion, and it revealed that the affidavit upon which the search warrant was issued could not be produced at

the hearing for the reason that the same was not in the files of the justice of the peace who issued the same, and had been lost, and the search warrant itself showed that no return had been made by the officer to whom the search warrant was issued as required by the statute.

It is shown that the search warrant was issued to "John Hess, a peace officer in and for Garfield county", but that he was not present at the time the search was made; but it was made by other police officers.

This court, in the case of Uhlenhake v. State, 58 Okla. Cr. 248, 52 P. 2d 117, 120, had before it the question of the effect of a lost affidavit and lost search warrant. In that case, Judge Doyle, speaking for the court, said:

"On the trial of this case it was necessary for the state to establish the fact that such process was regular and legal on its face."

"A warrant regular on its face, although illegally issued, is a protection to the officer who has no knowledge of the illegality of its issue."

The docket of the justice of the peace was introduced in evidence, showing the filing of a complaint or affidavit, and the issuance of a warrant. The court said:

"The rule of evidence requiring that the best evidence shall be produced, to the exclusion of secondary and hearsay, is violated by the admission of oral testimony to show the contents or recitals of a search warrant and the complaint or affidavit upon which such warrant issued.

"Where a justice of the peace has acquired jurisdiction, the only competent evidence of the proceedings had is the record required by law to be made, and the record is conclusive as against any parol attack in a collateral proceeding attempting to impeach it. Ex parte Walton, 2 Okla. Cr. 437, 101 P. 1034.

"In issuing a search warrant the statute requires the evidence of probable cause to be made a permanent record in the form of a verified complaint or an affidavit.

"The complaint or affidavit and the search warrant should be matters of public record in the office of the justice of the peace who issued the search warrant.

"The statement of the custodian of a record as to its contents is no more valuable than the statement of any other person who has read it. The record itself is the evidence, and the affidavit and the warrant issued thereon is the best evidence of what they contain.

"Where a record is lost or destroyed, the statute provides for substitution."

Section 810, Okla. Stats. 1931, 67 Okla. St. Ann. § 1, provides as follows:

"Whenever the record of any judgment or decree, or other proceeding, of any court of this State, or any part of the record of any judicial proceeding or any other public records, shall have been lost or destroyed, any person interested therein may, on application by petition in writing, under oath, to the proper court of the county wherein the records were kept, on showing, to the satisfaction of such court, that the same has been lost or destroyed without fault or neglect of the person making such application, obtain an order from such court, authorizing such defect to be supplied by a duly certified copy of such original record, where the same can be obtained; which certified copy shall, thereafter, have the same effect as such original record would have had, in all respects."

Section 3233, Okla. Stats. 1931, 22 Okla. St. Ann. § 1233, provides that a return to a search warrant shall be verified by the affidavit of the officer. The written return to the execution of a search warrant is ordinarily the best evidence of what the executing officers did. Welch v. State, 30 Okla. Cr. 330, 236 P. 68.

Under the statute duly certified copies of the record in question would have the same validity and effect as the original complaint, or affidavit and warrant issued thereon. It would have been proper for the county attorney to ask for such substitution as soon as the loss was discovered.

When the motion to suppress the search warrant in this case was filed, it would have been an easy matter for the county attorney to have followed the above statute and substituted the lost affidavit, and the same could have been introduced in the place of the original. The reason for this substitution is seen in the fact that the premises searched in the instant case were the home of the defendant. The statute requires that the affidavit upon which a search warrant is issued to search a home shall state certain, definite facts. Without the affidavit or the substitute therefor being introduced, the court was without information as to whether the facts were alleged upon which the search warrant could be issued. This substitution should have been made in the manner prescribed by the statute.

The Supreme Court of this state has decided that a justice of the peace court comes within the terms of the statute above quoted, and that the substitution may be made of lost documents within that court. Indian Territory Illuminating Oil Co. v. Burke, 173 Okla. 517, 49 P. 2d 508.

From what has been above stated, it will be unnecessary to discuss any other error submitted in this case; and for the reasons above stated, the judgment of the county court of Garfield county is reversed.

DOYLE, P. J., and DAVENPORT, J., concur.