S. M. OVERTURF et al. v. STATE.

No. A-9670.   May 9, 1940.
(102 P. 2nd 623.)

Joe Adwon, of Oklahoma City, for plaintiffs in error.

Mac. Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendants S. M. Overturf and S. E. Grubb were charged in the common pleas court of Okla-

homa county with the offense of illegal possession of intoxicating liquor, were tried, convicted and sentenced to each serve a term of six months in the county jail and to pay a fine in the sum of $500, and have appealed.

The proof shows that on January 6, 1939, a search warrant was issued for service on the Pine Knot Bar, located at 16 South Robinson street in Oklahoma City. That on January 14th, two of the deputy sheriffs went to this place of business, and after entering the same saw about 200 pints of whisky sitting in plain sight on the floor. The defendant Overturf was sitting at a desk making records of whisky sales; the defendant Grubb was behind the bar mixing drinks. The books of the defendants were seized and introduced in evidence. These books showed that various kinds of liquors were kept for sale; the various brands were listed on a record, and the number of pints of each brand which were sold daily were noted in the book. An examination of so much of the record as was introduced in evidence shows that the liquor sales averaged approximately $250 per day.

In their brief filed with this court, the defendants make only one contention. They insist that the court erred in refusing to sustain their motion to suppress the evidence for the reason that the search warrant was not executed within three days after it was issued, and cite in support of this contention the case of O'Neal v. State, 65 Okla. Cr. 390, 87 P. 2d 1108, decided by this court on March 3, 1939.

Section 3231, O. S. 1931, 22 Okla. St. Ann. § 1231, provides as follows:

"A search warrant must be executed and returned to the magistrate by whom it is issued within ten days. After the expiration of these times respectively, the warrant, unless executed, is void."

This court, in the case of Whitwell v. State, 65 Okla. Cr. 178, 83 P. 2d 881, 882, in an opinion by Judge Doyle held: ·

"A search warrant otherwise valid which has been executed within ten days from the time it was issued is not rendered invalid by the failure of the officer to make return thereon."

To the same effect are the cases of Viadock v. State, 30 Okla. Cr. 374, 236 P. 56; Mullus v. State, 32 Okla. Cr. 134, 240 P. 135; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185.

The case of O'Neal v. State, supra, and the case of Reynolds v. State, 48 Okla. Cr. 131, 289 P. 782, interpreted section 2635, O. S. 1931, 37 Okla. St. Ann. § 84, which provides the procedure which may be followed in the procurement of a search warrant to make a search of premises for intoxicating liquor, and the views expressed in these cases are in direct conflict with the opinions in the cases hereinabove cited.

Section 2635, O. S. 1931, 37 Okla. St. Ann. § 84, supra, makes no reference to the time within which a search warrant must be executed other than to say that a return showing the manner of service shall be made within three days. This provision should be harmonized, if possible, with section 3231, 22 Okla. St. Ann. § 1231, supra, which expressly provides that the warrant must be executed within ten days, and that after the expiration of ten days the warrant unless executed is void. It would seem from the expressions of this court in all of the above cases that the date of the filing of the return is immaterial, but that the decisive question is the date of the service of the search warrant. There is no ambiguity about the provisions of section 3231, 22 Okla. St. Ann. § 1231, supra. By reason of the apparent conflict of the decisions of this court concerning this matter, we now hold that the

officer to whom the warrant is directed has ten days within which, to execute the same after it is issued, and that the provision in section 2635, O. S. 1931, 37 Okla. St. Ann. § 84, providing for a return to be filed within three days giving a statement of the property seized, is directory only. The cases of O'Neal v. State, 65 Okla. Cr. 390, 87 P. 2d 1108, and Reynolds v. State, 48 Okla. Cr. 131, 289 P. 782, be and the same are hereby expressly overruled in so far as they hold contrary to the views herein expressed.

Furthermore, in this case the officers did not need a search warrant. The place of business was open to the public; the public was invited to enter their bar and purchase drinks of various kinds. The liquor which was seized was sitting on the floor in plain sight of the officers. Under circumstances such as these, no search warrant was necessary, as the offense was committed in the presence of the officers. See White v. State, 45 Okla. Cr. 103, 281 P. 824; Grimes v. State, 65 Okla. Cr. 99, 83 P. 2d 410; Martin v. State, 43 Okla. Cr. 273, 277 P. 950; Rhodes v. State, 46 Okla. Cr. 219, 287 P. 812.

The defendants were each given the maximum sentence provided by the law. Neither of the defendants testified in this case. The evidence indicated that these men had run an open saloon in the very heart of downtown Oklahoma City for a period of approximately six months before the time of this raid. The volume of business as shown by the records of the defendants was large, and they amply deserved the punishment which has been inflicted.

For the reasons herein assigned, the judgment of the common pleas court of Oklahoma county is hereby affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.