**V. A. SIMMONS, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

No. A–12163.

Criminal Court of Appeals of Oklahoma.

July 13, 1955.

Wise & Ivester, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

This is an appeal from a conviction sustained by V. A. Simmons in the County Court of Beckham County for the illegal possession of whiskey.

It is contended that the trial court erred in overruling the motion to suppress evidence filed and presented by the accused prior to the commencement of the trial. This motion was based upon two grounds: 1. The warrant did not properly describe the premises to be searched. 2. The warrant was not issued, served and returned as required by law.

Appellant's first contention was based upon the proposition that three separate buildings were searched and the whiskey was found in one which was not described in the warrant. The evidence of the State disputed that of the defendant on this point and thus raised an issue of fact for the determination of the trial court. The finding of such court will be upheld on appeal.

The second proposition presents a question of first impression in this state. The search warrant directed the officer to "serve and return the warrant within three days" from its issuance. The warrant was issued on February 25, 1954, and was served on March 5, 1954.

By the provisions of Tit. 37 O.S.1951 § 84 a search warrant issued by a magistrate shall be served and returned within three days. In O'Neal v. State, 65 Okl.Cr. 390, 87 P.2d 1108 and Reynolds v. State, 48 Okl.Cr. 131, 289 P. 782, it was held that the provisions of 37 O.S.1951 § 84, supra, were mandatory and should be strictly applied and that the warrant must be executed within three days or it would be void.

However, we have another statute, 22 O.S.1951 § 1231, which provides that a search warrant must be executed and returned to the magistrate by whom it is issued within ten days. After the expiration of such time the warrant unless executed is void.

In the case of Overturf v. State, 69 Okl. Cr. 303, 102 P.2d 623, this court considered the decisions construing both of the statutes hereinabove cited relating to the issuance, service and return of search warrants and attempted to harmonize the sections. It was therein held:

"A search warrant otherwise valid is not rendered invalid by failure to serve the same within three days after it is issued, but the same must be served within ten days after it is issued." (O'Neal v. State, supra, and Reynolds v. State, supra, were overruled.)

Counsel for the accused does not ask this court to overrule the Overturf case, but it is contended that the court has the authority to place a limitation in the warrant within which it must be served after its issuance and that this limitation in the warrant is binding on the officer to whom the warrant is directed and that after the expiration of the time named in the warrant without service being made, that the warrant becomes void and would not constitute authority for the search of the premises named in the warrant.

After careful study of this proposition, we have come to the conclusion that the accused is correct in his contention. The matter of the issuance of a search warrant calls for the exercise of

judicial discretion. Before the warrant may be issued, the court must find from the statements made on oath by the complainant that there are sufficient evidentiary facts to justify the issuance of the warrant. Warrants are directed to existing violations of the law and not to violations which may come into existence in the future. It is an integral part of our system of government that an officer assuming to execute process upon the property or person of a citizen should execute it promptly. The court issuing the warrant might determine from the evidence before him taken on oath that the premises described were such that the person allegedly in possession of the contraband might flee if the warrant was not promptly served or he might determine that it was in an area where there was a constant turnover of population and that a warrant which would be valid against the temporary resident of the premises would only serve to harass a subsequent occupant who might have moved to the premises shortly after the warrant was issued. At any rate we feel that the court issuing the search warrant has a discretion in fixing the time in which the warrant could be served subject only to the provision of the statute, 22 O.S. 1951 § 1231, supra, which provides that it must be served within ten days. If the court feels that the warrant should be served within a lesser time than ten days, he may so place such limitation in the warrant but if no limitation is placed in the warrant fixing a lesser time, then the warrant may be executed within ten days after its issuance.

The search warrant not having been served within the time fixed by the court which issued the warrant, it became void and could not afford a basis for the later search of the premises. The judgment and sentence of the County Court of Beckham County is reversed.

BRETT and POWELL, JJ., concur.